Statement of the case.

## H. & T. C. R'y Co. v. John McNamara.

### (Case No. 4755.)

1. Assignments of error.— Assignments of error as follows: "The finding of the jury is contrary to law, and contrary to and without evidence;" "the court erred in refusing to grant a new trial upon the grounds set forth in motion for new trial," are too general and will not be considered; following R'y Co. v. Shafer, 57 Tex., 641, and other cases.

2. Railroad company — Presumption.— The law will not presume because a brakeman, employed as such on the top of a box car, might by inspection have discovered that the cross-ties on the road-bed were rotten and dangerous, that by continuing such employment which carried him over the road he thereby assumed the risk incident to his work.

3. Same.— Such a presumption will only be indulged against an employee in reference to machinery or appliances which his particular line of duty would require him to inspect or deal with.

4. Damages.— An employee can recover for damage caused by defective machinery, when the employer ought to have known of the defect, and the employee did not know it, or have equal means of knowing.

5. Excessive damages.— A brakeman on the top of a box car on a railway train, which was turned over on account of rotten ties on the road-bed, had his thigh broken and back and kidneys injured, causing him to urinate with difficulty, and was confined to bed with painful suffering for nine months. The broken limb when cured was two inches shorter than before the injury was inflicted, and he was permanently incapacitated for labor. Before the injury his wages were $60 per month. *Held*,

 (1) The employee, having no actual knowledge of the worthless and dangerous road-bed, was not charged with notice of it by reason of his employment, which did not require or permit an inspection of it.

 (2) The company's failure to furnish a safe road-bed on which the brakeman was required to discharge his duties, rendered it liable in damages.

 (3) A verdict against the company for $5,500 damages was no cause for new trial.

Appeal from Grayson. Tried below before the Hon. J. R. Cowles.

Suit by the plaintiff, John McNamara, to recover damages for personal injuries received while in the employ of defendant as brakeman on its road. The damages were laid at $20,000. The defense was contributory negligence on the part of plaintiff. Verdict and judgment for plaintiff for $5,500.

Defendant asked the court to instruct the jury, "That it was the duty of the plaintiff, as brakeman in the service of the defendant, to have acquainted himself with the general duties of the position, and he assumed at his peril the risks and dangers naturally and usually incident to his employment as such brakeman, including the risks and dangers of such defects, if any, as were reasonably open to his ordinary inspection, under the circumstances. And if

the evidence shows that the plaintiff, by ordinary inspection under the circumstances, might have known of the defect in defendant's track, if there was any, and failed to notify defendant of the same, and continued in the service of defendant without objection or protest, the law would presume he assumed the risk incident to the employment, and he cannot recover." This was refused.

Plaintiff testified that he entered the employment of defendant in its yards in Houston in October, 1880; that the injury was occasioned by the spreading of the track by reason of rotten and defective ties, which caused the overturning of a box car in a train being moved on the transfer track at Houston connecting the H. & T. C. R'y line with that of the Texas & New Orleans R'y line. Plaintiff was on the car overturned, and fell with it, breaking his leg and receiving other injuries. He stated that he did not know of the condition of the track up to that time, had never been over it on foot, had always been on top of the cars at his post of duty; that he was twenty-six years of age at date of injury and was earning $60 per month; that he had been unable to work at all since the injury. His left thigh was broken near the hip and his leg shortened thereby two inches; his back was severely injured and his kidneys affected, so that he urinated with pain for a year after the hurt and with difficulty still; his back so weakened that he could not sit straight long at a time; that when he sits for a time, his back pains him greatly; was confined for nine months under treatment; in danger of losing his life, and subjected to great pain and uneasiness from the injuries and the severe treatment to stretch and straighten the injured limb. Before injury was a stout, healthy, active man.

*R. De Armond*, for appellant.

*Woods, Wilkins & Cunningham*, for appellee.

Willie, Chief Justice.— The assignments of error relied on for a reversal of the judgment below are five in number. The first, viz., that the court erred in its instructions to the jury; the third, that the finding of the jury is contrary to law, and contrary to and without evidence; and the fifth, that the court erred in refusing to grant a new trial upon the grounds set forth in the motion for a new trial,— are too general to be considered by this court. Supreme Court Rule 26; Green *v.* Dallahan & Co., 54 Tex., 281; Railway Co. *v.* Shafer, id., 641.

The second assignment is sufficiently definite and complains of

the refusal of the court to give the only instruction asked by defendant.

The theory of this charge is that if the plaintiff, by ordinary inspection, might have known of the defects in defendant's railroad track, and failed to notify defendant of the same, and continued in the service without objection or protest, the law would presume that he assumed the risk incident to the employment and he could not recover.

To test the correctness of this charge it will be necessary to consider it in reference to the proof introduced on the trial upon the points to which it applies.

The uncontradicted evidence shows that appellee was in the employment of the railroad company as a brakeman at the time of receiving the injury which is the cause of action in this suit. He was at the place where his duty as such employee required him to be, viz., on the top of one of the box cars of a freight train. This car, together with another in front of it, was thrown from the track, the brakeman precipitated violently to the ground, his thigh being thereby broken, and he receiving other injuries of a very serious character. The accident was caused by rotten ties, which allowed the rails to spread so soon as the train struck them, and the fall of the two first cars of the train was the natural consequence. The duty of the appellant did not require him to pass over this portion of the track on foot, and he had never gone over it, except on top of the train, from which the defect of the track could not be seen.

This evidence discloses very clearly that the appellee had no actual knowledge of the dangerous condition of the track, and that the defects were such as should reasonably have been known to the railroad company, and should have been remedied.

The master is bound to furnish suitable machinery and appliances for the safe discharge of the employee's duties, and to keep them in repair. Wood on Master and Servant, § 329. If he fails to perform his duty in this respect, he is liable to the servant for any damages resulting from his neglect. Id., 344, 345.

It is true that the servant, in entering upon the employment, assumes all its ordinary hazards, but they must be such as are patent, such as he actually knew, or would reasonably be presumed to know. G., H. & H. R. R. Co. v. Lempe, 8 Tex. Law Review, 117; Same v. Drew, 9 Tex. Law Review, 134; and T. & N. O. R. R. Co. v. Robinson, decided lately at Galveston.

We have seen that appellant had no actual knowledge of the de-

fects in the railroad track. Does the evidence show that he was chargeable with presumptive knowledge of them?

Such knowledge might be presumed against a servant in reference to machinery or appliances which his particular line of duty required him to deal with and inspect. For instance, an engineer might be presumed to be acquainted with the patent defects of the machinery that he constantly examined and operated. A brakeman might be charged with knowledge of the manifest deficiencies and dangers of the particular bolts, buffers or drawheads used by himself in coupling and uncoupling cars. But in neither case would the presumption extend to knowledge of misplaced rails or rotten cross-ties on the track over which their trains were run.

It was no part of the business of the appellant, as is shown by the proof, to pass on foot over the railroad track where the defects in it existed. His duties kept him upon the train, and without a neglect of these, or an exercise of extraordinary diligence, he could not know the condition of the iron and the ties upon the entire route over which he passed. The law requires no such extraordinary vigilance and care of servants, nor charges them with knowledge of facts which they could have known only by their exercise.

If every employee is presumed to know of defects in implements which he never sees, or is called upon to observe in the line of his duty, a case will rarely be found where the master can be made liable for injury done to a servant arising from defective machinery and appliances furnished him. The principles of law which we have announced are well supported by authority.

In Hayden v. Smithfield Manuf'g Co., 29 Conn., 548, the English rule laid down by Baron Bramwell was adopted, that the employee can recover when the employer ought to have known of the defective machinery, and the employee did not know it or have equal means of knowing it.

The same principle is embraced in the decision in Flike v. Boston & Albany R. R. Co., 53 N. Y., 549. See, also, Noyes v. Smith, 28 Vermont, 59; Ryan v. Fowler, 24 N. Y., 410; Gibson v. Pacific R. R. Co., 46 Mo., 163.

In the latter case the company were held liable to a brakeman for defects in machinery which he was constantly using, holding that the railroad company should not carelessly and needlessly expose the brakeman to risks not *necessarily* resulting from his occupation, and which might be prevented by care and prudence on the master's part.

So in Porter v. Hannibal & St. Joseph R. R. Co., 71 Mo., 66 (a

case very similar to the present), though the means of knowledge there were much greater than here, the court held the company liable for damages caused by a defective track. Speaking in reference to latent defects, of which this is held to be one, the courts say: "The master is chargeable with knowledge which he might have acquired by the exercise of due care, the same as if he actually possessed it; whereas the servant has the right to assume that all necessary examinations have been made by the master, and is not required either in person, or by another employed by him for the purpose, to examine the machinery as to fitness and sufficiency." And to the same effect is the decision of our own court in Railway Co. v. Dunham, 49 Tex., 181.

For the reasons above set forth we conclude that the charge asked by appellant's counsel, as applied to the proof in the case, was erroneous, and the court did not err in refusing it.

The only remaining assignment of error is that the damages allowed by the jury are excessive.

It is only when the damages are palpably and manifestly excessive that the verdict will be set aside by the appellate court. A large amount of discretion is necessarily left to the jury in all such cases, and the court will not reverse even if the damages allowed are much greater than the court would have given under the proof. R'y Co. v. Randall, 50 Tex., 254; R'y Co. v. Berg, 50 Wis., 419.

The appellee underwent much mental and physical suffering in consequence of the accident. He has been permanently injured in some respects; and whilst he was at the time a stout young man, capable of doing great physical labor, he is now feeble and a sufferer constantly from the effects of the injury.

We cannot say that the damages are excessive, and the judgment is in all things affirmed.

                                                      Affirmed.

[Opinion delivered April 17, 1883.]