PRESTON *v.* THE CENTRAL RAILROAD AND BANKING CO.

The declaration sets forth a cause of action.

March 10, 1889.

Actions.   Railroads.   Damages.   Before   Judge BOWER.   Dougherty superior court.   April term, 1889.

Action commenced February 9, 1888, against the railroad company for damages from personal injuries. The exception is to the dismissal of the declaration on general demurrer. The allegations were these:

On April 19, 1887, plaintiff was in the service of the company as a switchman and car-coupler in its depot yard at Albany; and while engaged in the performance of his duties under the direction of the company's yard-master, who had charge of the track, switches and cars of the company in the yard, he was ordered by the yard-master to make a coupling between a standing car and a switch-engine with a box-car attached thereto, this being a part of his duty. He proceeded to do so with all possible care and prudence and without fault or negligence, stepping between the rails (which was usual and necessary in order to make the coupling safely); but when he attempted to follow the backward motion of the cars in order that he might prevent being injured, he found that his left foot was held fast by the cross-ties or iron rail of the track, and that it was impossible for him to relieve it or stop the train, although he made every effort to do so. His foot, being so held, was run

over by the wheel of the car next to the engine (to which car he had coupled the standing car), and was injured so as to necessitate amputation three inches above the ankle. His injury was caused by the negligence of the company, the track being negligently and improperly kept for a yard track, the cross-ties being placed too close together and closer than the regulation rule of two feet from center to center; and the spaces between them were not filled and the track made level between the rails, as is usual and necessary in yard tracks. The iron on the track was old and worn, and had been so long in use that it was laminated and had sharp hangs or prongs protruding from its inner edges, and either this worn and defective iron caught his foot, or it was caught between the cross-ties. One or both of these causes contributed directly to his injury, which would not have occurred had the track been properly and safely constructed. He did not know its imperfect and dangerous condition before his injury, but presumed that it was safe, as he had a right to do. But its condition, as above stated, was well-known to the company, which used and allowed it to remain in that condition until after his injury. He performed his duty in safety and without fault on his part; and the injury was caused by the unsafe and dangerous track kept by the company. Before his injury, he was strong, healthy, twenty-one years old, capable of doing any kind of manual labor, and earning from the company eighty cents per day (except on Thursdays, when he earned $1.25), with good prospect for increased wages; but owing to said injury and damage his occupation is lost, and he finds great difficulty in getting such employment as he is able to do.

J. W. Walters, for plaintiff.

R. F. Lyon and W. T. Jones, for defendant.

BLECKLEY, Chief Justice.

The material contents of the declaration are set out in the official report. We think a cause of action was alleged. It does not affirmatively appear on the face of the declaration that the plaintiff could have known more than he did know by the use of ordinary diligence. He alleges that he was ignorant of the dangerous condition of the track, and if he ought to have been better informed of it than he was, his duty in that respect is matter of defence. It does not appear how long he had been engaged in the work, or what his opportunities had been, before he was injured, to ascertain the dangers to which the bad condition of the track exposed him. That it was the duty of the company to have a fit and proper place for the work in which he was employed, there can be no doubt. Gulf Ry. Co. *v.* Rediker, 2 S. W. Rep. 513; Snow *v.* Housatonic R. R. Co., 8 Allen, 441; Lewis, adm'r, *v.* St. L. & Iron Mountain R. R. Co., 59 Mo. 495; H. & T. C. Ry. Co. *v.* McNamara, 59 Tex. 255. The court erred in sustaining the demurrer and dismissing the action.

*Judgment reversed.*