C. H. PRICE v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS.

Decided February 15, 1905.

**1.—Charge—Undue Prominence.**

Where both parties asked special instructions explanatory of an issue presented in the main charge, and both were given, the appellant can not complain that undue prominence by repetition was given to the issue by the giving of the charge requested by appellee.

**2.—Same—Invited Error.**

A party can not complain of error in a charge given at its request.

**3.—Assumed Risk—Pleading Raising Issue.**

Allegations in defendant's answer that plaintiff knew, at the time he entered defendant's service, and at the time of the accident, that the great and unusual rainfall which had prevailed had rendered the black, waxy soil of the roadbed soft, and that the road was liable to get out of line, were sufficient to support a charge upon assumed risks of which he had knowledge.

**4.—Same—Issue not Raised by Evidence—Harmless Error.**

Though possibly the evidence was not sufficient to raise the issue of assumption of known risks, or of risks ordinarily incident to the employment, and to justify a charge thereon, a verdict for defendant, found under an instruction on assumed risk, which told the jury to find for defendant only in the event the accident was not the result of any negligence on the part of de-

fendant, will not be disturbed, since it could have been found only in the event defendant was not guilty of negligence, in which case a verdict in its favor was inevitable.

**5.—Pleading and Evidence—Negligence.**

There was no error in excluding evidence by which, as explained by the bill of exceptions, it was sought to show that where there are bad places in the track it is the duty of the railway company to notify its employes, and that those operating the train on which plaintiff was employed as brakeman, when injured, were not notified of the dangerous condition of the track, where the petition set forth specifically the grounds of negligence relied on, and this is not one of them.

Error from the District Court of Bexar. Tried below before Hon. A. W. Seeligson.

*J. R. Norton* and *James Routledge,* for plaintiff in error.—1. It was reversible error for the trial court to give to the jury defendant's first requested instruction, it being but a mere reiteration of the court's instruction to the jury as contained in the third paragraph of the general charge previously given, and, so, unduly emphasizing, by reason of such reiteration, matter already covered by the main charge. Highland v. Houston, etc., 65 S. W. Rep., 650; Galveston, etc., Ry. Co. v. Duelm, 24 S. W. Rep., 337; Galveston, etc., Ry. v. Bohan, 47 S. W. Rep., 1050; Gulf, etc., Ry. v. Dunlap, 26 S. W. Rep., 656; San Antonio Ry. v. Harding, 11 Texas Civ. App., 502, 33 S. W. Rep., 373; Texas, etc., Ry. v. Overholser, 76 Texas, 458.

2. It was error to give defendant's third special charge, as to assumed risks, because it was not supported by any pleading. Ft. Worth, etc., Ry. v. Wilson, 24 S. W. Rep., 686, and citations; Railway Co. v. McNamara, 59 Texas, 257, 258; Texas, etc., Ry. v. McGrill, 40 S. W. Rep., 188; Gulf, etc., Ry. v. Moore, 68 S. W. Rep., 560, 561; Texas & P. Ry. v. McCoy, 44 S. W. Rep., 25, 27; Galveston, etc., Ry. v. Pitts, 42 S. W. Rep., 257; Galveston, etc., Ry. v. Smith, 57 S. W. Rep., 1001; Galveston, H., etc., Ry. v. Lempe, 59 Texas, 22, 23.

*E. B. Perkins, Clark & Bolinger, T. M. West* and *C. A. Davies,* for defendant in error.—1. It is not error to present affirmatively the legal defenses in a charge given on special request, though the substance might be gathered from the general charge already given. Jones v. Rex, 31 S. W. Rep., 1077; Smith v. Whiteside, 39 S. W. Rep., 381; M. K. & T. Ry. Co. v. Cardena, 54 S. W. Rep., 312; Banner Distilling Co. v. Dieter, 60 S. W. Rep., 798; T. & N. O. Ry. Co. v. Mortensen, 66 S. W. Rep., 99; Boaz v. Schneider, 69 Texas, 132; Houston & T. C. Ry. Co. v. Fowler, 56 Texas, 452.

2. If plaintiff in error invited the submission of "Act of God" to be given to the jury in a charge, he can not complain; or if throughout the case it was mutually treated as an issue in the case, and no exception taken to defendant's plea of same, plaintiff in error would be precluded from objecting. Levy v. Tatum, 43 S. W. Rep., 941; International & G. N. v. Sein, 33 S. W. Rep., 558; Sanders v. Brock, 31 S. W. Rep., 311; Byrd v. Ellis, 35 S. W. Rep., 1070; City of Hillsboro v. Jackson, 44 S. W. Rep., 1010.

3.   The general plea of assumed risk is sufficient in the absence of special exceptions urged against such plea, and the same is sufficient to admit evidence in support of such issue.   Hanrick v. Gurley (Texas Supreme), 56 S. W. Rep., 330; Lambert v. Weir, 27 Texas, 265; Booth v. Pickett, 53 Texas, 439.

4.   Plaintiff did not allege that the derailment of the train was caused from fast running or from the manner of the operation of the train.   His allegations are confined entirely to defects in roadbed and track.   Hence it was immaterial as to how the train was operated or the usual rules in wet weather, governing same.   Galveston, H. & S. A. v. English, 59 S. W. Rep., 626; International & G. N. Ry. Co. v. Arias, 30 S. W. Rep., 446; De Bolt v. Railway (Mo.), 27 S. W. Rep., 575.

JAMES, CHIEF JUSTICE.—The action was brought by plaintiff in error for damages for personal injury.   The verdict was in favor of the railway company.

The general charge to the jury contained this paragraph:   "If you believe from the evidence that the defendant was not guilty of negligence in the maintenance of its track and roadbed at the place of said accident in any manner whatever, and if you believe from the evidence that said track of defendant at the place of the accident was not in a proper and safe condition of repair, and that such condition was caused solely by unprecedented, heavy and continued rainfalls, which no human foresight could guard against, and that same was an act of God,  . . .  or that defendant was not guilty of negligence, then you will find for the defendant."

The following special charge asked by defendant was also given: "The jury are instructed that if they believe from the testimony that the derailment of the defendant's cars at the time and place as alleged by plaintiff was caused by any defective condition of defendant's track or roadbed, then you will consider whether or not such defective or unsafe condition of defendant's track or roadbed was caused by the negligence of this defendant; and in this connection you are charged that if you believe such defective condition of defendant's track or roadbed, if any, was caused by an unprecedented and continuous spell of rainy weather, and such a condition of the weather that the defendant, by the exercise of ordinary care, was unable to guard against or foresee, in the construction and maintenance of its said track; then, and in this event, you are instructed that the plaintiff would not be entitled to recover herein, in any sum, regardless of the question and further issue in the case as to whether or not injured."

The first assignment of error is that the court erred in giving said special charge.   Appellant's propositions are:   (1) That it was repetition of the said paragraph of the main charge, and thereby the court unduly emphasized a certain issue, and gave same undue prominence; (2) that the evidence did not show or tend to show that the accident was caused by an act of God; (3) that the facts alleged in defendant's answer did not constitute an act of God; hence the giving of the special charge was error.

It appears that plaintiff's counsel asked a charge to be given containing six paragraphs, evidently designed to cover the submission of

the entire cause. There is nothing to indicate that this charge was requested after the main charge had been read to the jury, on the contrary the indications are that it was presented to the court previously. Paragraph 3 of this requested charge is the same as paragraph 3 of the main charge. Appellant's counsel having asked the charge to be given, can not complain of its being given, and can not be heard to assign error as to what it contained, or submitted. Under this assignment the only matter which appellant can be heard on is, whether or not there was error in respect to repetition.

Each party asked instructions which were explanatory of what was contained in said third paragraph of the court's charge. It is evident that both were not satisfied with its generality and wanted something more specific. Both requests were given and now because the court gave the one asked by defendant, plaintiff says that the court gave the particular issue too much prominence. The court gave plaintiff's charge which told the jury to find against defendant on a certain theory, and committed thereby no error in the way of repetition, nor did it do so by giving one asked by defendant on like theory, authorizing them to find for defendant. The assignment does not raise any question as to the intrinsic correctness of the charge complained of.

The second assignment of error is eliminated by an agreement of counsel.

The third assignment is as follows: "The court erred in giving defendant's special charge No. 3, on the question of assumed risk, because, said issue and charge were not supported by the pleadings and evidence in this case, because it is not shown that plaintiff had any knowledge of any defect in the track, roadbed, railroad cars or equipment of the same, and the evidence showed conclusively that he had not any knowledge of any defect, and that he could not have had any knowledge of any defect of any kind whatever, and had only been over the piece of road once before, and that was during the night-time."

Defendant's special charge No. 3 reads as follows: "The jury are instructed that when the plaintiff entered the employ of the defendant as brakeman, he thereby assumed voluntarily all the risks that were ordinarily incident to his employment as brakeman, and also assumed risks of injury to himself which might result to him while acting as brakeman for the defendant from defects of which he had knowledge, and accidents and derailments of cars not caused by the negligence or want of ordinary care of the defendant, and if you believe from the testimony that the plaintiff was injured in any manner, but that his injuries were the result of one of the risks assumed by him at the time he entered the employment of this defendant, and not the result of the negligence of this defendant, as hereinbefore defined to you, then you will find for the defendant."

Defendant pleading on assumed risk was as follows: "And for further special answer herein defendant says that plaintiff knew at the time he engaged in the employment of defendant, and at the time of said accident, that said great and unusual heavy and continuous rainfall had rendered said roadbed and the black waxy soil over which said road was constructed soft and that same might become soft and get out of line even though defendant exercised the greatest care to maintain

same, and defendant says that such injury, if any plaintiff received, was one of the risks he voluntarily assumed when he entered its employ and remained, and for this defendant prays to be discharged." The proposition that there was no pleading to support the charge on assumed risk, is overruled.

The other propositions under the third assignment are: (1) that there was no evidence to support the charge on assumed risk, and (2) there was no evidence showing that plaintiff had any knowledge of any defect in the track or roadbed or the equipment, and the evidence showed he had none. The evidence that plaintiff knew of conditions existing which rendered the track liable to give way in places as trains passed over it was that of plaintiff as follows:

That he was employed by defendant as brakeman from February 14 to March 1, 1903. The last trip he made was from Tyler to Waco. He had not been over that part of the road prior to that time. On that trip they went down from Tyler to Waco and started back to Tyler the next morning, and at Mt. Calm the accident happened about nine or ten o'clock that morning. This place they had passed in the night-time on the trip down to Waco. He testified he did not know the condition of the roadbed track, ties and spikes, on that part of the road prior to the accident. "There is very little opportunity in riding in a caboose over the road to ascertain the condition of the track. You could not tell by riding over them in a caboose." "It was muddy. It had been raining." "It had been raining a great deal, off and on, on the entire line of the Cotton Belt (defendant's road) while I was working there." "By riding over a track I could not tell whether it was the best track or not." On account of these rains the track was a little rough and out of line in some places, and I knew it was to some extent, but I did not know it was rough enough to cause a wreck. . . . I knew the soil on the Katy that ran through the same counties, I knew it was black, muddy soil."

There was testimony by other persons to the effect that from November, 1902, to March, 1903, rains had almost continuously fallen in that section, and the soil was extremely wet, soft and muddy, and it was impossible to keep the roadbeds of railroads from getting rough and being mashed down by trains on account of the softness of the ground. The roadmaster testified that they had to go over the road twice a day to fill up the low places.

The testimony showed that all the cars of this train passed over the place except the rear car and the caboose. The rear car ran off the rail and also the front wheels of the caboose, owing to the sinking of the roadbed.

We are not prepared to say that this testimony was sufficient to raise the issue of assumed risk. See Houston & T. C. Ry. Co. v. McNamara, 59 Texas, 257. Nor would we be willing to hold that there was anything in the testimony to warrant the application of the rule that the employe assumed the risks ordinarily incident to his employment. But if the jury found their verdict for the defendant under the instruction complained of, either in the theory of risk ordinarily incident to his employment, or risk of a different character, how could they have done so, unless they found that defendant had not been guilty of any negligence in

the matter? The charge in terms told them to find for defendant only in the event the occurrence was not the result of the negligence of the defendant. If defendant was not guilty of negligence, that finding left no room for any other verdict than one for defendant. This disposes of all the propositions under this assignment, likewise of the third assignment.

By the sixth assignment it appears that the following testimony offered by plaintiff was excluded: The witness Summerville was asked: "Now Mr. Summerville what is the usual and customary rule with reference to running trains in wet weather and over bad tracks with reference to orders?" The bill of exceptions shows that plaintiff expected to show by said witness that it was the duty and established rule of the company, that where there are bad places in the track they are to notify the employes of it, and that these men operating this train had no notice given them of the condition of this track.

The petition set forth specifically the negligence of defendant relied on and the above form of negligence was not one of them. In the argument made by appellant's brief in connection with this assignment, the ground of its admissibility is claimed to be that this testimony tended to show that plaintiff had no notice of the condition of the road. It would have shown that plaintiff had no notice from that source. But notice to or knowledge by him, of the condition of the road was immaterial, if defendant in respect to the condition of the road was not guilty of any negligence, as the jury must have found the facts to be under the charge as given on assumed risk.

Under the seventh assignment of error certain testimony of witnesses is complained of as irrelevant and immaterial. The record shows that like testimony was allowed to be introduced without objection. Affirmed.

*Affirmed.*

Writ of error refused.