## J. C. DUNLAP v. H. YOAKUM.

It would seem that deeds filed with the petition and referred to therein as so filed and marked thus and so, are not thereby made parts of the petition, but should be expressly made so by words to that effect.

The general allegation of an owner, that he has a ferry, with its privileges, attached to his land, is to be taken as referring to a public, and not a private ferry, and will authorize proof that he has a license for such ferry, from the proper authority ; and the nett profits of such ferry are a part of the damages sustained by detention of the land.

Error from Walker. Tried below before the Hon. Peter W. Gray.

The exception discussed by this Court was taken in the Court below, and overruled. The Court charged the jury that the measure of damages was reasonable rent for the ferry and for the land. They found $150 damages. There was no statement of facts nor bill of exceptions.

*Leigh* and *Baker*, for plaintiff in error. It does not appear from the petition, that there was a public, licensed ferry ; and at such only could charge be made for ferriage, and conse-

quently rent therefor ; aside from rent for the land, be recovered as damages.

*A. M. Branch*, for defendant in error.

HEMPHILL, CH. J. The plaintiff in error insists that there was error in overruling the demurrer to the petition. The plaintiff below, (who is defendant in this Court,) alleged that on a certain day he owned and possessed a tract of land lying on the west bank of Trinity river, more fully described in two deeds filed with the petition, the one marked C, being for lands lying, &c.: the other marked D, being for land lying in Cincinnati, &c., viz : lots No. 2, 3, 4, and 5, of fraction No. 5, in the plan of said town, including the ferry and ferry privileges ; and being so possessed, &c., the defendant on, &c., unlawfully entered upon said tract of land, ejected the petitioner therefrom, and has continued to hold the said lands, ferry and ferry privileges.

The special ground of exception is, that so much of the petition as is in relation to the value of ferry privileges, claimed by the plaintiff, is deficient in this, that the allegations in regard thereto do not show any right in the plaintiff to such privileges or to pay for the same.

It must be admitted that the allegations in relation to the right of the plaintiff to the ferry privileges are bald and somewhat vague. It is evident from the averments, considered as a whole, that he claims a ferry and ferry privileges, which the defendant, having ejected him from, is holding and enjoying ; but the statement is not very distinct as to the manner in which he claims them. He alleges the existence of two deeds, and that the land is more fully described in them, but does not aver positively that he claims under the deeds. One of these deeds is for certain lots "including the ferry and ferry privileges." But the deeds are not in the transcript. They were

perhaps filed below, and may have been considered, though they are not made a part of the petition. Neither the parties to them nor their contents are or can be known, exept from conjecture.

From the briefs of counsel it may be inferred that the deeds were conveyances from some one, of the lands, to the plaintiff, and that one of them conveyed the ferry and ferry privileges. And from the brief of the plaintiff in error it might be conjectured, that the land, with the ferry and ferry privileges, was purchased by the plaintiff at Sheriff's sale. But these would be mere suppositions, and we do not feel at liberty to discuss supposed cases, and to determine the principles of law applicable to a given state of facts, when it does not appear from the record whether such facts do or do not exist.

The allegations as presented on the record, independent of the deeds, may be regarded as equivalent to an assertion of right to a tract of land on the western bank of Trinity river, and to a ferry with its privileges, attached to the land.

As owner of the land, he was by law entitled to the privilege of keeping a public ferry across the river, (Hart. Dig. Art. 1394,) provided one was established upon and fronting his lands ; and it would seem that the allegation that there was a ferry attached to the land must be taken as referring to a public ferry—one licensed by law—and the only species of ferry from which profit or advantage could be derived. When damage is averred from the loss of a ferry and its privileges, the presumption is that reference is had to a public ferry. The keeper of a private ferry is not allowed by law to charge for passage or freight, and is liable to a fine if. he make such charge. (Hart. Dig. Art. 1395, 1407 ;) and a complaint in general terms of the loss of a ferry would not *prima facie* be presumed to refer to the inferior, but to the higher and more valuable ferry right.

We conclude, then, that the general allegation of an owner, that he has a ferry, with its privileges, attached to his land, is to

be taken as referrring to a public, and not a private ferry, and will authorize proof that he has a license for such ferry from the proper authority, and that consequently the nett profits of such ferry are a part of the damages sustained by detention of his land.

Whether a ferry right, such as is allowed by law to the owners of lands on the banks of a watercourse, is alienable, and to what extent, is a question of some interest, and which would have been considered, had the deeds been included in the record.

Upon the whole, though the allegations as to the right in the ferry might have been more full and distinct, yet they are believed to have been sufficient to admit the necessary proof. They are entitled to the more weight, from the fact that the deeds are not before us, and the extent and scope of the averments depend in some degree upon the deeds or one of them.

Judgment affirmed.