GEORGE N. BUTT AND WIFE V. B. F. COLBERT AND ANOTHER.

As the plaintiffs did not show that they were entitled to an exclusive ferry privilege, an injunction, restraining defendants from establishing and keeping a ferry, was properly dissolved, although the plaintiffs alleged, that they were entitled to the privilege of, and were keeping a ferry, at the same place.

The allegations in a petition, by a husband and wife, that they owned a ferry, which the wife became entitled to by a devise from her former husband, who established the said ferry many years previously, on land owned by him, and that defendants had, with force and arms, and threats of personal violence, landed their ferry-boat at the usual landing, owned and occupied by the plaintiffs, are sufficient to entitle them to damages, if not specially excepted to.

ERROR from Grayson. Tried below before the Hon. Nat. M. Burford.

This was a suit by George N. Butt, and his wife, Sophia Butt, the plaintiffs in error, against B. F. Colbert and Alexander Brown, to enjoin them from establishing and keeping a ferry, across Red river, at a place where the plaintiffs had a ferry; and for damages for preventing the plaintiffs from landing their ferry-boat, on the Choctaw side of the river; and for the trespass committed by the defendants, in landing their ferry-boat on the Texas side of the said river, at the landing owned and occupied by the plaintiffs.

The plaintiffs alleged in their petition, "that in the year 1839, Holland Coffee, the former husband of said Sophia, was the owner and possessor of the tract of land in Grayson county, on which the town of Preston now stands; and that in said year, said Holland Coffee established a ferry across Red River, at said town of Preston, landing his boat on his own land, on the Texas, or south side of Red River, and on the lands belonging to the Choctaw nation, on the north side of said river; that on the decease of said Coffee, in 1846, said ferry, by the devise of said Coffee, came into the possession and ownership of the plaintiff, Sophia, and remained so until her marriage, in 1847, with the plaintiff,

George N. Butt, since which time, said ferry has been owned and possessed by said plaintiffs." They also charged, that "defendants by force, and threats to kill their ferryman, had prevented plaintiffs from landing their boat on the north, or Choctaw side of the river, and had placed a ferry boat for the transportation of travellers, on the same ferry; and with force and arms, and threats of personal violence, to plaintiffs and their servants, landed their ferry boat at the usual landing, owned and occupied as aforesaid by plaintiffs, on the Texas, or south side of said Red River." Prayer that the defendants might be enjoined from placing a ferry boat at the said ferry, and from molesting the plaintiffs, in the free exercise of their ferry privileges, and for damages sustained by the wrongful acts of the defendants. An injunction, as prayed for, was granted.

The defendants filed a general demurrer, and the following special exceptions to the petition:

1. The plaintiffs exhibit no equity in their petition.

2. Their petition shows that they have no ferry privilege on but one side of the river.

3. The petition alleges no exclusive rights to ferry privileges or franchises at Preston, or to the ferry sought to be enjoined.

4. Plaintiffs show by their petition, that they have no legal right to the land, or the ferry privileges, on the north, or Choctaw side of Red River.

These exceptions were sustained by the court, the injunction was dissolved, and the petition dismissed.

*W. L. & C. L. Robards,* for the plaintiffs in error.

*John C. Easton,* for the defendants in error.

WHEELER, C. J.—The plaintiffs do not show themselves entitled to an exclusive ferry privilege, (O. & W. Dig., Art. 909,) and the injunction, therefore, was rightly dissolved. The allegations of the petition are vague and uncertain; but sufficient, perhaps, on the authority of Dunlap v. Yoakum, 18 Texas Rep.

Butt v. Colbert.

582, to entitle the plaintiffs to maintain the action for damages for the alleged trespass. The plaintiffs' ownership and possession of the landing, is not averred with the distinctness and certainty required by good pleading.

But the exceptions did not question the sufficiency of the petition upon this, but upon other grounds ; and on general demurrer, we think the ownership and possession sufficiently appear, to maintain the action for the trespass upon the landing. Upon such a state of pleading, we do not think proper to decide more. And if the exceptions had pointed to the want of certainty, in stating the trespass, and consequent damage, and the plaintiffs had still declined to amend, we might have affirmed the judgment dismissing the petition. But as the exceptions did not point to the defectiveness of these averments, so as to indicate the proper amendment, we think there was error in dismissing the petition. The judgment is reversed and the cause remanded.

·Reversed and remanded.