No. 5539.

YOE & HARRIS *v.* J. C. MONTGOMERY.

1. PLEADING.—It is not necessary, in a suit to remove cloud from title, to allege an eviction or a trespass by defendant on the premises.

2. BILL OF EXCEPTIONS.—A bill of exceptions incorporated in a statement of facts, filed by order of court after the adjournment of the term, can not be considered, following Railroad Company v. Eddins, 60 Texas, 656.

3. EXECUTION LIEN—RESULTING TRUSTS.—A creditor claiming a mere statutory lien by the record of a judgment, or the levy of an execution against the husband, in whom the apparent title is vested, can not be protected by reason of such lien against a resulting trust in favor of the wife, though he have no notice, at the time, of the execution of such a trust, and the purchaser of such property at a subsequent execution sale will take nothing as against the wife's equity, if he had notice of the same before making the purchase.

4. ASSIGNMENT OF ERROR.—When an assignment of error is based on the insufficiency of the evidence to support the verdict, it should point out in what the defect in the evidence consisted. Failing in this, even if it could be considered, it could be done only after an examination by the Supreme Court of the entire statement of facts, to search for an error never specified.

APPEAL from San Saba. Tried below before the Hon. A. W. Moursund.

*S. W. Yoe* and *Sidon Harris,* for appellants, cited Zorn v. Tarver, 57 Texas, 390; Schmeltz v. Garey, 49 Texas, 61; Zorn v. Tarver, 45 Texas, 521; Mitchell v. Marr, 26 Texas, 331; Chapman v. Allen, 15 Texas, 283; Gilliard v. Chessney, 13 Texas, 337; Rose v. Houston, 11 Texas, 326; Huston v. Curl, 8 Texas, 242; Love v. Robertson, 7 Texas, 11; McIntyre v. Chappell, 4 Texas, 199; Scott v. Maynard, Dallam, 550.

Many other authorities were cited in support of propositions, based on assignments of error which, as stated in the opinion, were violative of rules of court, and which propositions and authorities are not therefore noticed.

*A. D. McGinnis, Walters & Burleson,* and *John C. Townes,* for appellee, cited Bonner v. Stephens, 60 Texas, 616; McKamey v. Thorp, Texas Law Review, 10 June 1884, page 362; Parker v. Coop, 60 Texas, 111, 114.

WILLIE, CHIEF JUSTICE. The appellee, alleging himself to be the owner of certain lands in San Saba county, sought in this suit to remove from his title the cloud caused by an execution sale of said lands as the property of one E. J. Cady, and to cancel the deeds made by the sheriff to the appellants who became purchasers of the lands at said sale. The appellee claimed to have bought the lands from Cady and wife previous to said sale, and that they were at the time the separate property of Mrs. Cady. He also charged that the appellants had notice of these facts on the day of sale, and at and before they bid for the property.

The reply of the appellants was to the effect, that the lands were not at the date of the judgment under which the sale was made, the property of Mrs. Cady, but subject to the debt of her husband, and that at the time the judgment was rendered the appellants had no notice of Mrs. Cady's claim. These are the only allegations of the pleadings nesessary to be set forth.

A general demurrer and several special exceptions to the petition were overruled by the court. The first assignment of error questions the correctness of the rulings below upon the general demurrer; but neither the assignment nor the proposition under it, points out wherein the petition showed no cause of action against the appellants. Some objections are set forth in the statement under the assignment but they do not seem to be such as can be taken advantage of, if at all, under a general demurrer. It is not necessary in a suit to remove clouds from a title to allege eviction, or a trespass by the defendant upon the premises. The indefinite manner in which some of the allegations are made, should have been the subject of special exceptions; and every reasonable intendment must be indulged in favor of the petition upon a general demurrer.

The second assignment is: "The court erred in overruling appellant's eleven special exceptions to the appellee's petition." It has been so often held that such an assignment is in violation of the rules, that it will be unnecessary for us to do more than to say that it can not be considered, and hence none of the propositions under it claim our attention. (I. & G. N. R R. Co. v. Leak, 64 Texas, 654; Keowne v. Love, 65 Texas, 152.)

The third assignment is to the action of the court in admitting certain deeds and title papers offered by the plaintiff; but no bills of exceptions were saved to the ruling of the court in this respect. It is said in the statement of facts that these documents were objected to, but for what reason does not appear. Moreover, the statement of facts was filed, by order of the court, after the adjournment of the term; and if the exceptions were properly incorporated in it they could not be considered. (Railway Company v. Eddins, 60 Texas, 656; Caldwell County v. Crockett, ante, page —.)

The assignments which challenge the correctness of the court's charge to the jury are not well taken. The charge was certainly as favorable to appellants as could have been asked. The court reiterated the requirement that the testimony tracing the wife's property into the purchase of the lands must be clear and conclusive. This was really the turning point in the case, and the court gave the appellants all the advantages to which they were entitled under the evidence. It is the settled law of this State that a creditor claiming a mere statutory lien by the record of a judgment, or the levy of an execution against the husband in whom the apparent title is vested, can not be protected by

reason of this lien against a resulting trust in favor of the wife, though he have no notice at the time of the existence of such a trust, and a purchaser of the property at the subsequent executive sale will take nothing as against the wife's equity if he have notice of the same before making the purchase. (McKamey v. Thorp, 61 Texas, 648; Parker v. Coop, 60 Texas, 111.

The appellants, therefore, were not protected against Mrs. Cody's equity by reason of the record of an abstract of the judgment under which they bought, and it having been clearly shown and undisputed, but admitted by the appellant's pleading, that public notice of this adverse claim was given on the day of sale, before any bids for the property were offered, they must be deemed purchasers with full knowledge of the right conveyed by Mrs. Cody to the appellees.

The only question then before the jury was as to whether the land in controversy was the separate property of Mrs. Cody or not at the time the appellee purchased from her, and the court properly so stated to the jury. As to the verbal criticism upon the language used by the district judge in submitting his instructions, they do not demand attention. These instructions were given in the form usually observed by district judges, and we can not, after a close examination of them, find that they gave undue prominence to the plaintiff's testimony, or assumed as proved any fact about which there was the least doubt under the evidence.

The principal and only material question in the case was as to whether the land in controversy was purchased with Mrs. Cody's separate means. The appellants have filed an able and exhaustive argument, in which they have attempted to show that Mrs. Cody's money was not traced into the purchase of the land by satisfactory proof; but under the rules of this court and repeated decisions to that effect, we are forbidden to consider the question, because it is not raised by a proper assignment of error. The assignment is: "The verdict of the jury is fatally vague, uncertain, indefinite and unmeaning; is clearly contrary to law, and is not supported by sufficient evidence in this case to justify and sustain it." The verdict is: "We, the jury, find from the evidence that the land in controversy was and remained Mrs. T. H. Cody's undivided property until conveyed by her to plaintiff. We find for plaintiff." If there is anything vague about this we are unable to discern it. The verdict decides the very issue before the jury. There was no conflict in the evidence as to

notice to the appellants before their purchase, nor anything proved to show that the conveyance to plaintiff was not bona fide. These matters were not properly in issue before the jury, and there was no necessity that they should make a special finding in reference to them.

This court has uniformly refused to enter into the investigation of testimony upon an assignment which goes no further than to state that the verdict is not supported by sufficient evidence. The assignment should state in what respect the evidence does not support the verdict; the particulars in which it is insufficient, and not require the court to examine the whole statement of facts to see if it can not discover some defect which the party complaining has not thought proper to call to its attention. (Randall v. Carlisle, 59 Texas, 70; Railway Co. v. Shafer, 54 Texas, 641; Railway Co. v. McNamara, 59 Texas, 255.) This disposes of the eleventh, twelfth, thirteenth and fourteenth assignments of error. No bill of exceptions having been taken to the action of the court in allowing the plaintiff's counsel to use improper language, the fifteenth assignment can not be considered. As the jury did not find any attorney's fees against the appellants, they were not damaged by the admission of evidence as to that matter.

There is no error in the judgment and it is affirmed.

*Affirmed.*