M. M. MILLER ET AL. V. JULIA A. VERNOY.

No. 480.

**1. Practice on Appeal—Assignment of Error.**—Where there are several exceptions of a diverse character to the petition, an assignment of error that "the court erred in overruling defendants' exceptions to plaintiff's petition, on the grounds in said exceptions stated," is too general to entitle the several propositions thereunder to be considered.

**2. Same.**—The following assignments of error are too general to require consideration, viz., that "the court erred in its several rulings adverse to defendants in the admission and exclusion of evidence, as shown by their bills of exceptions thereto reserved on the trial, whereby the jury were misled and the defendants prejudiced;" and that "the court erred in refusing defendants' requested charges correcting alleged errors in the charge in chief."

**3. Same—Charge of Court.**—Where an assignment of error makes a specific objection to the charge as a whole which is not tenable, the appellate court will not, under such assignment, select portions of the charge not technically correct as grounds for reversal.

**4. Innocent Purchaser—Valuable Consideration.**—Where a surety on a note assumes one-half of that debt as his own in consideration of a conveyance to him by the principal therein of certain property the apparent title to which is in the principal, this does not constitute the surety an innocent purchaser for value, as against another who is the equitable owner of the property.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Thomas & Turney* and *Bassett, Seay & Muse*, for appellants.—The court erroneously charged, that Miller could not be an innocent purchaser, because he paid nothing on the White note till after this suit was brought, though before notice he had become irrevocably bound to pay the purchase money. Spann v. Cochran, 63 Texas, 240; Murray v. Ballou, 1 Johns. Ch., 566; Jackson v. Winslow, 9 Cow., 13; Frost v. Beekman, 1 Johns. Ch., 288; 2 Pome. Eq., sec. 751, note 1.

*Z. E. Combes* and *W. B. Gano*, for appellee.—Miller paid nothing upon his note to Mrs. White until after this suit was brought by the plaintiff, and the conveyance to him of the homestead was made for the purpose of securing him against loss upon the White note, on which he had previously become surety, and he could not therefore be an innocent purchaser for value. The court correctly so charged; and if Miller had agreed with Parsons at the time of the conveyance to him to assume a part of this

debt, he was under no obligation to comply with that agreement after being notified of the invalidity of Parson's title. Beaty v. Whitaker, 23 Texas, 529; Fraim v. Frederick, 32 Texas, 294; Jewett v. Palmer, 7 Johns. Ch., 65; Nordington v. Nicholls, 3 Atk., 304.

STEPHENS, ASSOCIATE JUSTICE.—Julia A. Vernoy sued G. W. Parsons, her son-in-law, joining his wife also as a defendant, together with M. M. Miller, Mrs. Lou F. White, J. K. P. Jordan, and C. W. Ayres, to cancel certain deeds and a bill of sale made by her to her son-in-law on the 2d day of September, 1882. From the verdict and judgment cancelling said deeds, Miller, Jordan, and Ayres have appealed. On the essential matter in dispute there was a conflict in the evidence, but the verdict of the jury is supported in establishing the following conclusions:

1. That appellee, being in feeble health, unable to read or write, and without the physical ability to manage and control her property, consisting of lands worth about $10,000 and livestock of the value of about $30,000, and reposing implicit confidence in her son-in-law, was deceived and defrauded in the execution of said conveyances, by which the absolute title to all of said property was placed in him, except a tract of 320 acres, on which was her homestead, which was conveyed to him and his wife jointly.

2. That this fraud consisted in the preparation of the conveyances on his part, in violation of the confidence reposed in him, so as to convey the absolute title, when she did not intend to include the homestead at all, nor to make an absolute conveyance of the other property.

3. That the true nature of the conveyances executed by her was concealed by the son-in-law, who kept the deeds locked in his safe until just before the bringing of this suit.

4. That the appellants, who claim under conveyances from the son-in-law, parted with no new consideration at the time of receiving such conveyances, and that they were not innocent purchasers.

Appellants submit four propositions under the following assignment of error: "The court erred in overruling defendants' exceptions to plaintiff's petition, on the grounds in said exceptions stated." This assignment is believed to be too general to require us to pass upon these propositions. Miller alone of the appellants filed an answer in the court below, in which are found several exceptions of a diverse character to the petition, raising questions of misjoinder, limitation, etc. Yoe & Harris v. Montgomery, 68 Texas, 340, and cases there cited.

The petition is a long one, but has been examined sufficiently to satisfy us that it states a cause of action, and negatives the idea that by the use of proper diligence appellee could have discovered the alleged fraud in time to have brought this suit sooner. The relation of trust and confi-

dence by means of which the alleged fraud was accomplished is charged to have continued up to about the time of bringing the suit.

The third assignment of error, under which appellants submit two propositions, is also believed to be too general to require consideration. It reads as follows: "The court erred in its several rulings adverse to defendants in the admission and exclusion of evidence, as shown by their bills of exceptions relating thereto, reserved on the trial, whereby the jury were misled and the defendants prejudiced." Without determining whether there was error in admitting the testimony as set out in these propositions, we are of opinion that the verdict would probably have been the same had it been excluded.

The fifth assignment, that "the court erred in refusing defendants' requested charges correcting alleged errors in the charge in chief," is also too general to be considered.

The sufficiency of the fourth and only remaining assignment found in appellants' brief is doubted, as it contains four subdivisions, all leveled at the charge of the court as a whole, upon different grounds, without pointing out any specific portion thereof as erroneous. The first proposition submitted under the fourth and fifth assignments complains of the charge of the court in relation to the statute of limitations; but as no such objection to the charge is found in either of these assignments, it can not be considered. The second proposition submits the objection contained in the second subdivision of the fourth assignment, that the court "ignored the charge of fraud alleged in the petition, and instructed a finding for plaintiff on the ground of mistake without proof thereof."

This specific objection to the charge as a whole is not sustained by the record. In the very beginning of the charge the court instructed the jury, that the burden was on plaintiff, Mrs. Vernoy, to establish her right to a recovery as prayed for, and that by this suit she sought to set aside the conveyances in question on the ground of fraud in their execution and delivery. Again, in the concluding part of the charge, the attention of the jury is called to the fact that appellee could not recover unless her deed to Parsons and wife had been fraudulently obtained, and this suit brought within a reasonable time after the discovery of the fraud. We think, then, it can hardly be said that the charge as a whole ignored the alleged fraud; nor can it be said that it instructed a finding for plaintiff below on the ground of mistake without proof of fraud, as the idea of mistake in the execution of the deeds was not even hinted at, either in the charge or in the evidence. The jury could not have reasonably so understood the charge.

The evidence presented two theories, and two only; the one, that Mrs. Vernoy knowingly and intentionally executed the instruments sought to be cancelled as absolute conveyances, and that her claim to the contrary

was an afterthought; the other, that the execution of the instruments in the form of absolute conveyances was the work of the son-in-law, who thereby designedly took advantage of the illiteracy and implicit confidence of Mrs. Vernoy to procure her signature to papers which did not express her intention. Upon this, the only real issue in the case, there was a sharp conflict in the evidence, Mrs. Vernoy testifying in support of the latter theory and Parsons in support of the former. If her testimony was true, that the deeds did not express what she intended them to express, and what she believed at the time they did express, the testimony of Parsons was manifestly false, and his fraud in procuring the deeds an irresistible inference.

While we think the charge on this point was not as full as it probably should have been, still, as applied to the facts of this case, we are not prepared to hold that it was misleading to the jury. We do not, therefore, in view of the specific objection taken to this charge as a whole, feel warranted in selecting portions thereof which might not be technically correct as grounds for reversing the judgment.

The other propositions submitted under these assignments challenge the correctness of the charge in reference to the defense of innocent purchaser, interposed by appellant Miller under his general denial of the allegations made by appellee on that issue. It appears from the record that Parsons had borrowed of Mrs. White $5000, and that appellants became his sureties on the note. Afterward, in order to protect himself, Miller procured from Parsons and wife a deed to the homestead property, by assuming to pay one-half of the debt due Mrs. White. As he parted with nothing of value at the time, and was not placed in any worse position than he had previously occupied, we are of opinion that he can not resist a recovery on this ground.

It follows from these conclusions that the judgment must be affirmed.

*Affirmed.*

Delivered March 30, 1893.