WESTERN UNION TELEGRAPH COMPANY v. ANNIE J. CARTER.

Decided March 3, 1906.

1.—Pleading—Agency and Partnership—Failure to Deny Under Oath.

Failure by defendant to deny under oath allegations by plaintiff as to agency and partnership existing between defendant and others, eliminates such issues from the case, and no proof of the same is required of the plaintiff.

2.—Assignment of Error—Too General.

An assignment of error, that the court erred in overruling defendant's general demurrer, and its first, second, third, fourth and fifth special exceptions to the petition, is too general to require consideration.

3.—Failure to Deliver Telegram—Mental Anguish—Measure of Damage—Charge Approved.

In a suit by a wife for damages for failure to deliver a telegram announcing the serious illness of her husband and thus preventing her from being with him when he died, a charge on the measure of damages considered and held, not subject to the objection that it unduly emphasizes, points out and particularizes to the jury the grounds upon which the jury may find for the plaintiff, and is upon the weight of evidence.

Appeal from the District Court of Potter County. Tried below before Hon. Ira Webster.

*Veale, Crudgington & Bailey, N. L. Lindsley* and *Geo. H. Fearsons,* for appellant.

*Barrett, Stewart & Templeton,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This action was brought by appellee against appellant to recover damages for mental suffering alleged to have been sustained by her on account of the negligence of the latter in failing to transmit and deliver to her the following message:

"Annie J. Carter, Curtis, Oklahoma (in care Edmondson's Ranch). Come at once. Your husband is dangerous. (Signed) R. O. Braswell." There was a trial before a jury, which resulted in a verdict and judgment in favor of appellee for $500, from which this appeal is prosecuted.

Most of appellant's thirty assignments of error find their answer in the fact that the allegations of agency and partnership contained in appellee's pleadings were not denied by appellant under oath, and therefore the facts thus alleged were not issues in the case and the appellee not required to offer proof concerning them. Appellee alleged that the Weatherford, Mineral Wells & Northwestern Railway Telegraph and its agent, E. F. Harrison, was at the time acting for and as the agent of appellant, and further, that appellant and said railway company were partners in the receipt and transmission of all such messages over said lines and that they acted together as such partners in receiving for transmission the message described in her pleadings. That they were then and there agents each of the other in receiving and transmitting such message. The record fails to disclose, as above suggested, that these allegations were denied under oath, and without such denial the facts of agency and partnership become established, and the contract of the Weatherford, Mineral Wells & Northwestern Railway Telegraph line and its agent, Harrison, becomes the contract of appellant perforce the established facts of their agency and partnership. (City Water Works v. White, 61 Texas, 536; Gulf, C. & S. F. Ry. Co. v. Edloff, 34 S. W. Rep., 414; Pullman Palace Car Co. v. Booth, 28 S. W. Rep., 719; Gulf, C. & S. F. Ry. Co. v. Wilson, 7 Texas Civ. App., 130; International & G. N. Ry. Co. v. Campbell, 1 Texas Civ. App., 512; International & G. N. Ry. Co. v. Tisdale, 74 Texas, 8.)

The first assignment of error is not considered because too general. It complains that the court erred in overruling "defendant's general demurrer and its first, second, third, fourth and fifth special exceptions to the first amended original petition of plaintiff."

The only remaining assignment is the twenty-eighth, complaining that the court, in his charge on the measure of damages, "unduly emphasizes, points out and particularizes to the jury the grounds upon which the jury may find for the plaintiff for that same is a charge upon the weight of the evidence." The paragraph complained of is as follows: "If the jury find for the plaintiff then you are instructed that in estimating the amount or measure of damages, if any, to which plaintiff may be entitled, by reason of the alleged negligence of the defendant company, its agent, servant and employe, in failing to transmit and deliver said telegram from Dr. or Mrs. Braswell to Mrs. Annie

Vol. XLII. Civil—15.

J. Carter, with due diligence, if you find there was such failure, you should consider and estimate only such damages as plaintiff may have sustained by reason of such negligence, if any; you are instructed further, however, in estimating the plaintiff's damages, if any, you find she is entitled to recover, you may consider the mental suffering, sorrow and anguish, if any, suffered by the plaintiff by reason of the negligence of the defendant company, if any, but in this connection you are instructed that you should not estimate or award any damage to the plaintiff on account of any anguish, sorrow and mental suffering caused by the death of her husband, or for causes other than those resulting from the wrongful and negligent acts, if any, of the defendant company, its agent, servant and employe, or one so held out by it to the public. But, you may consider whether or not plaintiff suffered any additional pain, anguish, sorrow and mental suffering by reason of such negligence, if any, on the part of defendant company, and such damages, if any, you may consider as an element of actual damages to such an amount as you may deem to be reasonable compensation for such additional sorrow, pain and mental anguish, if any." We think the criticism is without substantial merit and the assignment should be overruled.

We find no error in the proceedings below and the judgment of the District Court is therefore affirmed.

Conner, Chief Justice, not sitting.

*Affirmed.*

Writ of error refused.