IRWIN v. JACKSON.    (No. 1777.)

(Court of Civil Appeals of Texas. Amarillo. March 9, 1921. Rehearing Denied May 11, 1921.)

1. **Pleading** ⊛⇒228—**Demurrer to defendant's allegations for damages in cross-action held not general exception to entire pleading.**

Plaintiff's pleading termed an amended petition, and answer to defendant's cross-action stating that he demurred generally to defendant's allegations for damages as insufficient in law upon which to base a cause of action was not a general exception to the entire pleading, but at most a general exception to only one part of the answer.

2. **Appeal and error** ⊛⇒500(2)—**Record must show rulings on exceptions.**

The overruling of plaintiff's exceptions to defendant's cross-action cannot be considered where the record fails to show that any of the exceptions were ever presented to the court or any ruling made thereon.

3. **Appeal and error** ⊛⇒725(2)—**Assignment of error complaining of overruling of general and special exceptions is too general.**

An assignment of error asserting that the court erred in overruling, and not sustaining, plaintiff's general and special demurrers is too general to be considered, as it attempts to call into question the court's action upon both general and special exceptions.

4. **Appeal and error** ⊛⇒742(1) — **Assignment followed by reference to bill of exceptions instead of statement need not be considered.**

The court is not required to consider an assignment of error not followed by any statement, but only by a reference to the bill of exceptions for any information desired in considering it.

5. **Appeal and error** ⊛⇒1050(1)—**Admission of lease or assignment held immaterial, when lessor had waived right to object to assignment.**

The admission in evidence of a written lease, or assignment of a lease, from D. to defendant was immaterial where plaintiff, by endeavoring to collect rents from defendant and negotiating with him concerning the lease, had waived his right to object to the assignment of the lease.

6. **Landlord and tenant** ⊛⇒75(3) — **Landlord recognizing assignee as tenant cannot deny lessee's right to assign.**

Where plaintiff by his subsequent acts and conduct recognized an assignee of a lease as his tenant, he could not question the right of the lessee, whose tenancy he did not deny, to assign the lease.

---

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Appeal and error ⬅️722(I)—Omission of number in numbering assignments of error is violation of rule.**

It is a violation of the rule requiring assignments of error to be numbered in a consecutive order to omit a number.

**8. Appeal and error ⬅️724(4)—Assignment of error to failure to submit must show exception on that ground.**

The court's failure to submit a particular issue is not properly before the appellate court for consideration where it does not appear from assignment of error that appellant requested the submission of any such issue or filed any written objections to the charge because it was not submitted.

Appeal from District Court, Wichita County; W. W. Cook, Special Judge.

Action by J. C. Irwin against L. G. Jackson. Judgment for defendant, and plaintiff appeals. Affirmed.

J. L. Lackey, of Wichita Falls, for appellant.

Bullington, Boone, Humphrey & Hoffman and Raymond M. Myers, all of Wichita Falls, for appellee.

HALL, J. Appellant sued appellee, alleging in substance that he was the owner of a certain town lot, situated in Wichita county, and in the town of Newton, said lot being particularly described in the petition. He further alleges that on Sunday, November 16th, the defendant entered upon and commenced the erection of a house on said lot, after being duly notified of plaintiff's ownership, and without the consent of plaintiff; that plaintiff remonstrated with defendant and endeavored to keep him off of said land, but, despite plaintiff's remonstrance, defendant continued to erect said building; that if defendant is allowed to construct the building on said lot plaintiff will be irreparably damaged. He prays for an injunction restraining defendant from further interfering with the possession of his property, and for all general relief either in law or equity. The defendant, by first amended original answer, after a general demurrer and a general denial, alleged in substance that he was the holder of a surface lease on the property described in the petition, having acquired said lease by assignment from one J. R. Davidson; that upon the date alleged by plaintiff he began the erection of a building upon the lot, to be used by him as a feed store; that before the completion of the building the plaintiff procured a writ of injunction to be issued against him, restraining him from further going upon the premises or completing his building; that by said injunction he was deprived of profits which would have been derived from the conduct of his business, to the extent of $75 per day; that defendant's lease expired January 1, 1920, and that his store was closed by the act of plaintiff, a total of 44 days, wherefore his damages have accrued to the extent of $3,300; that on the morning of December 7, 1919, the house on the said premises was consumed by fire, with its entire contents, and that, because of the injunction, defendant was unable to enter upon the premises and remove his property therefrom; that the property so destroyed by fire consisted of one galvanized iron building, 29x40 feet, carpenters' tools, harness, a set of wagon doubletrees, and other articles described in an exhibit made to the pleading, wherefore he is further damaged in the sum of $2,309.25. A trial resulted in a verdict and judgment for the defendant upon its cross-action, in the sum of $2,830.75.

[1-3] Appellant's first assignment of error is:

"Because the court erred in overruling, and not sustaining, plaintiff's general and special demurrers filed herein on June 3, 1920."

No statement, as required by Court of Civil Appeals rule No. 31 (142 S. W. xiii) follows this assignment, and appellant makes no reference to the record where the exceptions may be found. We have, however, found what is termed "Plaintiff's first amended petition and answer to defendant's cross-action," which contains the following:

"Plaintiff demurs generally to defendant's allegations for damages, and says that the same is insufficient in law upon which to base a cause of action, and of this he prays the judgment of the court."

This is followed by special exceptions to three certain paragraphs of the answer. The exception quoted above is not a general exception to the entire pleading, but, at most, it is a general exception to only one part of the answer. If it be admitted that this could be styled a general demurrer to the petition, the assignment cannot be considered, for the reason that the record fails to show that any of appellant's exceptions were ever presented to the court, or any ruling made thereon. Cotton v. Cooper, 160 S. W. 602. The assignment cannot be considered for the further reason that it is too general, and attempts to call into question the court's action upon general and special exceptions.

[4, 5] The second assignment complains of the court's action in admitting in evidence a written lease, or an assignment of a lease from Davidson to appellee. This assignment is not followed by any statement, but refers us to appellant's bill of exception No. 1 for any information the court may desire in considering it. We are not required, by this method of briefing, to consider the assignment, but since it is shown that appellant, by endeavoring to collect rents from

appellee, and negotiating with him concerning the lease, has waived his right to object to the assignment of the lease from Davidson to appellee, the assignment of error becomes immaterial.

[6] Appellant insists by the third assignment that the court erred in submitting any issues to the jury and in not withdrawing the case from the jury, because it was not shown that Davidson had any right to lease the premises to appellee. This assignment is not followed by any statement, but what has been said in disposing of the preceding assignment applies here. If appellant, by subsequent acts and conduct, recognized appellee as his tenant, he cannot question the right of Davidson, whose tenancy he does not deny, to assign the lease to appellee.

[7] The brief contains no assignment of error numbered 4, which is a violation of the rule requiring assignments to be numbered in their consecutive order in the brief.

[8] The fifth assignment is that the court erred in failing to submit to the jury the issue of whether or not defendant had the right to the possession of the property at the time the writ of injunction was served. No statement follows this assignment, and it does not appear that appellant requested the submission of any such issue, or filed any written objections to the court's charge because it had not been submitted. Without such showing the matter is not properly before us for consideration. Appellant moved the court for a judgment in his favor because defendant's pleading and the evidence showed that the latter was claiming the property in controversy and damages under a written contract which was executed to him by a sublessor of appellant, without the consent of appellant or his ratification of the same. No statement follows this assignment. As said above, the evidence is sufficient to show ratification.

The seventh, and last, assignment presents the same contention, and is followed by no statement.

We think the issues have properly been disposed of, and a correct judgment rendered in the case.

The judgment, therefore, is affirmed.