### CITY OF BOWIE v. HILL et al.
### (No. 10430.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 3, 1923. Rehearing Denied Dec. 8, 1923. Writ of Error Dismissed for Want of Jurisdiction Jan. 23, 1924.)

**1. Nuisance ⬦⟿54—Submission of issue of permanency of nuisance as basis of damages held proper.**

In an action against a city for damages to land caused by the establishment and maintenance of an adjacent dumping ground, in which the city in its answer alleged that it had purchased the land so used for such purpose by deed specifying that the land was to be so used, and did not plead any intention to discontinue the use of the land for such purpose, and there was evidence that the land was being so used up to the time of the trial, it was proper for the court to submit the issue of whether the nuisance was permanent or was so treated by the city, and to instruct jury as to the measure of damages for a permanent nuisance, even though the nuisance was of such a character that it was possible to abate it.

**2. Nuisance ⬦⟿53—Permanency of nuisance held question for jury.**

In an action for damages caused by a nuisance, the question of whether the nuisance was permanent, or is so treated by the parties, *held* a question for the jury.

**3. Nuisance ⬦⟿9—City maintaining dump constituting nuisance liable for damage from deposits by third persons.**

A city which has established and is maintaining a dumping ground constituting a nuisance is liable for damage to adjacent property caused by deposits by third persons.

#### On Motion for Rehearing.

**4. Nuisance ⬦⟿48—Petition held to state cause of action for damages caused by permanent nuisance.**

In an action against a city for damage to adjacent property caused by establishment and maintenance of a dumping ground, petition stating facts showing the maintenance of the dumping ground to constitute a nuisance entitling plaintiffs to damages and praying for damages as for a permanent injury and for such further relief as the court might find plaintiffs entitled to *held* sufficient on general demurrer to state a cause of action for damages caused by a permanent nuisance.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Action by W. H. Hill and others against the City of Bowie. Judgment for plaintiffs, and defendant appeals. Affirmed.

Chancellor & Bryan, of Bowie, for appellant.

Donald & Donald, of Bowie, for appellees.

CONNER, C. J. The city of Bowie appeals from a judgment against it in appellees' favor for the sum of $1,060 as damages to appellees' land caused by the establishment and maintenance of an adjacent dumping ground for the city, which it was charged, constituted a nuisance.

The case was submitted to the jury upon special issues, which were answered to the effect that the city "at the present time" was maintaining a nuisance on its dumping ground adjacent to the property of plaintiffs; that such nuisance was of a permanent character and not subject to be abated, or was treated as permanent by the parties to the litigation; and that by reason of such nuisance there had been a permanent and irremediable injury to plaintiffs' land, to compensate which it would require $1,060.

The principal question, raised by objection to the action of the court in overruling appellant's general demurrer to the plaintiffs' petition and to the charge and judgment, is that the court applied an erroneous measure of damages. The theory of the court will be best illustrated by the following quotation from its charge to the jury:

---

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"In determining the amount of damage plaintiffs are entitled to recover, you are instructed that the measure of their damage would be the difference in the reasonable market value of said property at the present time, with said nuisance in existence, and what its reasonable market value would be with said nuisance abated."

It is vigorously insisted that the nuisance under consideration was necessarily of a temporary character, and therefore that the proper measure of plaintiffs' damages was the rental value of his premises during its continuance. This court applied the rule contended for by appellant in the case of City of Graham v. Moseley (Tex. Civ. App.) 254 S. W. 130. But that was a case wherein it appeared that the nuisance consisted of the maintenance of a sewer system, made to empty into Salt Creek, which passed through the plaintiff's premises, but which the city at the time was engaged in seeking to remedy by an extension of the sewer system beyond the plaintiff's premises. The nuisance in that case was therefore treated as a temporary one, and the plaintiff was allowed to recover the rental value of his residence during the two years preceding his action. We there quote from 20 R. C. L. p. 470, § 86, as follows:

"If the nuisance is of an occasional or temporary character, the measure of damage is the difference in the rental of the premises before and after the injury. The diminution in the value of the fee in the land is not a proper test in such case. In assessing the damages for the maintenance of a nuisance in the neighborhood of a residence or dwelling, the jury may look to such injury as occurs to the use of the property as a residence, taking into consideration the discomfort and annoyance which the owner has suffered from the nuisance. It has been held that in fixing the amount of damages to be awarded in such a case, proof of depreciation in rental value of the dwelling house, caused by such nuisance, may be looked to as furnishing a proper evidentiary guide for determining the extent of the annoyance and discomfort actually suffered."

In the present case, however, the plaintiffs' petition is broad enough, we think, as against a general demurrer, to present the issue of a nuisance permanent in character. At least the court and counsel upon the trial seem to have so treated it. To illustrate, the court submitted the following issues, among others:

"Is such nuisance of a permanent character and not subject to be abated, or is treated as permanent by the parties to this litigation?"

To which the jury answered, "Yes."

In behalf of the city the following special charges, among others, was requested, to wit:

(4) "If you believe from the evidence that said nuisance, if any, is of a permanent nature and is not maintained in a reasonable sanitary condition, then you will find for the plaintiff."

(5) "As to the measure of damages to be recovered by the plaintiff, you are instructed that the measure of damages shall be the difference in the value of the plaintiff's land at this time and the value of same when the plaintiff bought the same; such difference being caused by the difference in the use of said property of defendant at the time plaintiff bought the land and the use of same at this time."

In the city's answer to the plaintiffs' petition, the following allegations, among others, are made:

"Defendant says that it bought said tract of land for the express purpose of using the same as a dump ground and that said deed was written into the following clause: 'It is understood as a condition hereto that the said grantee shall use and have the privilege of using the herein conveyed land or any part thereof for disposal grounds upon which the refuse of the city may be dumped, including dead animals, privy offal, waste, and all kinds of refuse."

In its answer, the city nowhere alleged that it was its purpose or intention to discontinue the use of its dumping ground, and there was evidence tending to show that up until the day before the trial the nuisance remained unabated. For instance, Mr. Hill testified:

"I went out and examined this dump ground yesterday. I found a Jersey calf with its head— its head was left, and its legs. I found maggots and I found most anything what you would want to look for. This stuff gave off odors."

[1] We think, therefore, that the court was justified in submitting the issue of whether the nuisance was permanent, or treated as such by the city.

In the case of Town of Jacksonville v. McCracken, 232 S. W. 294, in an opinion by the Commission of Appeals, approved by the Supreme Court, the following is said:

"Defendant urges that, as there is no permanent injury to plaintiffs' land, and that as the cause of the injury is subject to being abated, therefore the measure of damage to be applied is such depreciation in its rental value or use as had occurred up to the time of the trial of the action, and not the depreciation in its market value. If the injury to the land is only temporary, and the nuisance also temporary and capable of being abated, then the defendant's contention must be sustained. But if the nuisance is of a permanent character and not subject to be abated, or if it is treated as permanent by the parties, or if the injury to the land is permanent and irremediable, the proper measure of damages to be recovered is the depreciation in the value of the property. Baugh v. Railway Co., 80 Tex. 56, 15 S. W. 587; Railway Co. v. Anderson, 79 Tex. 427, 15 S. W. 484, 23 Am. St. Rep. 350."

This announcement of the rule by our Supreme Court accords with the rule as stated in the quotation hereinbefore made from 20 R. C. L., and, while it is true that the nui-

sance under consideration was of a character that it was possible to abate, yet under the very terms of the title, by virtue of which the city exercised its right, it is bound to maintain the nuisance, and at least apparently intended to so continue the use. So that the case comes well within the rule for the damages applied by the trial court and supported by the authorities in that the nuisance under consideration has been "treated as permanent by the parties."

We need not therefore discuss the contention that as a matter of law the nuisance under consideration was temporary in its character. The terms "temporary" and "permanent" are but relative in meaning. It is said in Holy Writ that the heavens and earth shall pass away, and it is safe to say that nothing maintained can be permanent in an absolute sense. It is sufficient to authorize an application of the rule given for the measure of plaintiffs' damage in cases of the character under consideration that the parties treat the nuisance as permanent.

[2] In answer to the contention that the court erred in submitting the issue of whether the nuisance under consideration was permanent or otherwise, we will add in addition to what we have already said an additional quotation from the very similar case of Town of Jacksonville v. McCracken, already cited, to wit:

"In a case of this character, it is a question of fact for the jury to determine whether the nuisance is permanent, or is so treated by the parties. City of Paris v. Allred, 17 Tex. Civ. App. 125, 43 S. W. 62, writ of error denied."

[3] The further contention that the city cannot be held responsible for deposits by others of objectionable substance creating a nuisance is answered by what we said on the same subject in the case of City of Graham v. Moseley, heretofore cited. We there said, citing authorities, that:

"The rule of torts is that where the act or neglect of a third person concurs with that of an original wrongdoer, both being efficient causes in producing the injury, the liability of the original wrongdoer continues, and the same is true if the negligence of the wrongdoer concurred with some accidental cause to which the injured party had not contributed."

No other question as presented seems to require special notice. The evidence presents a very pronounced case of maintenance of a nuisance treated by the parties as permanent, and the amount of damages as assessed by the jury seems to be fully supported by the evidence.

All assignments and propositions are accordingly overruled, and the judgment is affirmed.

On Motion for Rehearing.

[4] Appellant especially emphasizes the contention that appellees' petition was bad on general demurrer, in that on its face it shows that the nuisance complained of is, as a matter of law, temporary, and that only damages for a permanent nuisance is claimed. While the petition is not as specific in the respect mentioned as is desirable, yet there is a clear statement of the facts which show a grievous nuisance and which, therefore, at all events, would entitle the plaintiffs to damages, and, in addition to the prayer for damages as for a permanent injury, there was also a prayer for such further relief as the court might find the plaintiffs entitled to, under the facts proven. The point now urged was not presented to the court below by any special exception, so that we were of opinion that the petition, when construed in the light of the allegations of appellant's answer, and of the special charges requested by appellant, and in the absence of any specific objection to the evidence tending to show that the dumping ground was to be continuously used, was sufficient on general demurrer and would support the verdict and judgment in appellees' favor. It has been frequently held that mere vagueness or uncertainty in a pleading, or a merely defective statement in a cause of action, is not available on general demurrer. See Northwestern National Insurance Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185; Yoe v. Montgomery, 68 Tex. 338, 4 S. W. 622; Butt v. Colbert, 24 Tex. 355.

The motion for rehearing will accordingly be overruled.