**OWENWOOD OIL CORPORATION v. SWEET. (No. 7168.)**

(Court of Civil Appeals of Texas. San Antonio. May 22, 1924. Rehearing Denied June 18, 1924.)

1. **Appeal and error ⚫⇒743(1)—Assignments of error not referring to portion of motion for new trial on which error is predicated held not entitled to review.**

Where none of several assignments of error referred to that portion of the motion for new trial in which the error was complained of, as required by rule 25 (142 S. W. xii), the court of appeals would not consider the assignments.

2. **Appeal and error ⚫⇒742(1) — When brief fails to show relevancy of propositions of law to assignments of error, Court of Civil Appeals will not look for relevancy.**

Where appellant's brief did not show the relevancy of any of his 20 propositions of law to any of his 43 assignments of error, as required by rule 30 (230 S. W. vii), the Court of Civil Appeals would decline the task of coordinating the one with the other.

3. **Appeal and error ⚫⇒737—Assignment of error held too general and multifarious to merit review.**

Where there were five different special exceptions in appellant's trial answer, an assignment of error that ."the court erred in overruling and in not sustaining defendant's general demurrer and special exceptions to plaintiff's petition," *held* too general, multifarious, and not entitled to consideration in view of rules 25 and 26.

4. **Appeal and error ⚫⇒743(2)—Assignment of error failing to refer to motion for new trial or to transcript, to locate assignment or designated bill of exceptions, held not entitled to consideration.**

An assignment of error that "the court erred in permitting witness S. to testify as shown in bill of exceptions No. 1," which did not give a reference to the motion for new trial, or to the transcript, either to locate 'the assignment itself, or the designated bill of exceptions, will not be considered, and especially where no proposition among the 20 set forth in the beginning of the brief purported to relate to that assignment.

5. **Judgment ⚫⇒256(6)—Trial court held unauthorized to render judgment in partial conformity with jury's findings.**

Where the jury, in answer to special issues, found plaintiff had been damaged, through the defendant's negligence, in the separate sums of $300 and $500, the trial court was without authority to enter judgment for plaintiff for only $300.

6. **Appeal and error ⚫⇒1033(7) — Appellant could not complain of judgment partially conforming to jury's findings, where he was benefited thereby.**

Where the trial court exceeded its power, in that it rendered judgment against defendant in only partial conformity with jury's findings, defendant could not complain, where he was benefited rather than injured by court's action.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by J. J. Sweet against the Owenwood Oil Corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

Thompson, Barwise & Wharton, of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton and Julien C. Hyer, all of Fort Worth, for appellee.

SMITH, J. [1, 2] In appealing from an adverse judgment for $300, appellant has propounded 43 assignments of error and 20 propositions of law, which he has presented in an 89-page typewritten brief. None of the assignments "refer to that portion of the motion for new trial in which the error is complained of," as required by rule 25 (142 S. W. xii). This court has never held such omission, alone, to be fatal to an appellant's case, although it has been so held repeatedly by other Courts of Civil Appeals, and justly so, we think, in view of the fact that the briefer can comply with the rule with the utmost ease and without the least inconvenience, thought, or cost, and therefore the rule imposes no sort of hardship upon him. If either of the 20 propositions of law is germane to either of the 43 assignments of error, as required in rule 30 (230 S. W. vii), there is no showing in appellant's elaborate brief of such relevancy, and

this court must decline the task of co-ordinating the one with the other. We will paraphrase and adjust to the facts in this case what was said upon this subject by this court in the case of Equipment Co. v. Luse, 250 S. W. 1104:

"It is distinctly required in rule 30 (142 S. W. xiii) that the propositions or points of law upon which an appellant relies 'shall be germane to one or more of the assignments of error, or relate to fundamental error.' The justness and necessity of this requirement is, of course, obvious. And it is equally obvious that the burden rests exclusively upon the party to show that his propositions are germane or related to his assignments. This requirement is not expressly written into the rules, but it rests in common sense and fairness, and will be enforced in this court. And where the proponent of propositions of law urged here does not by affirmative reference show each proposition to be related or germane to specified assignments of error, it will be our policy to disregard such propositions, and go direct to the assignments and dispose of them without reference to the propositions, and in such case where such assignments do not within themselves constitute propositions, they will be regarded as waived. This rule cannot possibly work hardship, and may be complied with by counsel with the utmost ease when they prepare their briefs. On the other hand, the failure of counsel to comply with it entails a great deal of unnecessary labor upon the reviewing authority. In this case for instance, which furnishes a very moderate illustration for this purpose, appellant propounds 20 propositions of law, and brings forward 43 assignments of error. The former are grouped at the front of the brief, while the latter, likewise grouped, repose at the extreme back of the brief, as required by existing rules. * * * In order to determine their relationship, it is necessary to first consider the proposition, and then consider each of the 43 assignments of error, and from such separate consideration determine their relevancy, if any. The process requires that each of the 43 assignments be read and carefully considered at least 20 different times, whereby the investigator, for this purpose alone, must travel from front to back of brief at least 860 times. No court can dispatch business in the face of such burdens."

Appellant's brief is subject to other objections, most of which are set out and vigorously complained of by counsel for appellee, who, having provoked, now ingeniously invoke, the decision in the Equipment Company Case.

[3] For instance, the first assignment of error is that—

"The court erred in overruling and in not sustaining defendant's general demurrer and special exceptions to plaintiff's petition filed herein.".

As there are five different special exceptions in appellant's trial answer, this assignment is too general, is multifarious, and is not entitled to consideration. Rules 25 and 26; Miller v. Vernoy, 2 Tex. Civ. App. 675, 22 S. W. 64; Tel. Co. v. Carter, 42 Tex. Civ. App. 224, 94 S. W. 205; Ryan v. Teague, 50 Civ. App. 153, 110 S. W. 117; Irwin v. Jackson (Tex. Civ. App.) 230 S. W. 522.

[4] The next 16 assignments of error are in form identical with the second, which is that—

"The court erred in permitting the witness J. J. Sweet to testify, as shown in bill of exceptions No. 1."

No reference is given in the assignment to the motion for new trial or to the transcript, either for the purpose of locating the assignment itself or the designated bill of exceptions. No proposition among the 20 set forth in the beginning of the brief purports to relate to this assignment, and the briefer thus shifts to this court the burden of searching the 89 typewritten pages of the brief in order to locate the transaction in the transcript and statement of facts, if in fact the references necessary for that purpose are contained in the brief. The next 24 assignments, from the nineteenth to the forty-second, both inclusive, are subject to the same objections, and some of them to additional objections.

A fundamental question is raised in appellant's brief complaining of the action of the court in refusing a peremptory instruction in behalf of appellant, but in this the court did not err, for under the evidence the case was one for the jury.

[5, 6] Another question which may be said to be fundamental is that raised in the complaint that, although the jury in answer to special issues found that appellee had been damaged through appellant's negligence in the separate sums of $300 and $500, the court rendered judgment in favor of appellee for only $300. We have considered this question at length, and have reached the conclusion that, although the court had no power or authority to render judgment in only partial conformity with the jury's finding (Henne v. Moultrie, 97 Tex. 216, 77 S. W. 607), the appellant may not be heard to complain, since it was benefited rather than injured by this action.

We have very carefully examined the record in the case, and, although the trial took an odd and more or less grotesque course, we cannot say that substantial justice has not been done.

The judgment is affirmed.