## SPARKS v. SALTILLO INDEPENDENT SCHOOL DIST. (No. 3728.)

Court of Civil Appeals of Texas. Texarkana. July 28, 1929.

Rehearing Denied Aug. 1, 1929.

J. K. Brim, of Sulphur Springs, for appellant.

Ramey & Davidson, of Sulphur Springs, for appellee.

WILLSON, C. J. (after stating the case as above). [1, 2] The assignment first presented in appellant's brief is as follows: "The court erred in sustaining plaintiff's special exceptions to the defendant's first amended original answer." Appellee insists, and we agree, the assignment should not be considered, because too general. Rule 26 for the government of Courts of Civil Appeals is (in part) as follows: "Assignments of error which are expressed only in such general terms as that the court erred in its rulings upon the pleadings, when there are more than one, * * * will not be regarded by the court as a compliance with the statute requiring the grounds to be distinctly specified and will be considered as a waiver of errors, the same as if no assignment of errors had been attempted to be filed." The special exceptions referred to in the assignment were eight in number and to as many separate defenses set up in the answer. Yoe v. Montgomery, 68 Tex. 338, 4 S. W. 622; Thornton v. Bank (Tex. Civ. App.) 252 S. W. 278; Smith v. Russell, 23 Tex. Civ. App. 554, 56 S. W. 687; Hansen v. Yturria (Tex. Civ. App.) 48 S. W. 795; Marshall v. Atascosa County (Tex. Civ. App.) 47 S. W. 680; Lynch v. Bernhardt (Tex. Civ. App.) 201 S. W. 1051; Oil Corp. v. Sweet (Tex. Civ. App.) 263 S. W. 641; Chapman v. Pettus (Tex. Civ. App.) 269 S. W. 268; Duckworth v. Improvement Dist. (Tex. Civ. App.) 11 S.W.(2d) 263. If, however, the assignment were considered, it should be overruled if the court had a right to sustain any of the eight special exceptions, Ferguson v. Washburn (Tex. Civ. App.) 4 S.W.(2d) 574; and clearly he did have a right to sustain some of them, for instance, those to paragraphs 5, 7, 8, and 10 of the answer.

The assignment next presented in said brief is that the court erred in admitting, over appellant's objection thereto, specified testimony of the witness Connor. The proposition under the assignment is that "it was error for the court to admit oral testimony of a witness where the record was the best evidence." The testimony was not objected to on the ground indicated by the proposition and insisted upon in said brief. Appellant cannot be heard to urge here in support of his assignment a ground not urged in the court below in support of his objection. Ry. Co. v. Gross, 60 Tex. Civ. App. 621, 128 S. W. 1173; Foster v. Burgin (Tex. Civ. App.) 244 S. W. 244.

The assignment last presented in the brief is that "the court erred in rendering judgment for the plaintiff herein, because the same is not warranted by the pleadings

or the evidence and the said evidence does not warrant and is insufficient to support said judgment." The proposition under the assignment is that "it was error for the court to render judgment where the evidence was insufficient to sustain appellee's cause of action." The assignment and proposition construed together amount to no more than a charge that the judgment was without support in the evidence. It has been repeatedly held that such an assignment is not entitled to be considered and we think appellee's objection to its consideration here should be sustained. Yoe v. Montgomery, 68 Tex. 338, 4 S. W. 622; Railway Co. v. Stewart (Tex. Com. App.) 257 S. W. 526; Thomas v. Thomas (Tex. Civ. App.) 277 S. W. 210; Bank v. Shivers (Tex. Civ. App.) 281 S. W. 264.

In the oral argument of the case, appellant's counsel insisted the judgment should be reversed for error "apparent on the face of the record," in that it did not appear from the description of the land therein that it was the land described in appellee's petition. But neither did it appear it was not the same land. Therefore we think the contention should be overruled, for, if it was the same land, the fact that it was differently described in the petition would not constitute error requiring a reversal of the judgment.

The judgment is affirmed.