CHICAGO, R. I. & G. RY. CO. et al. v. BELL. (No. 7965.)

(Court of Civil Appeals of Texas. Ft. Worth. April 25, 1914. Rehearing Denied May 30, 1914.)

1. CARRIERS (§ 135*) — INJURY TO FREIGHT — DAMAGES.

Where goods, while in possession of a carrier, are entirely destroyed, the carrier is liable for the full value thereof, but, if they are not entirely destroyed, the owner is bound to receive them and recover the difference between their sound value and their value in their injured condition.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 557–559, 599–602, 603½–604½; Dec. Dig. § 135.*]

2. APPEAL AND ERROR (§ 900*) — PRESUMPTIONS.

Every reasonable presumption must be indulged in favor of the validity of the judgment appealed from.

[Ed. Note.—For other ·cases, see Appeal and Error, Cent. Dig. §§ 3667–3669; Dec. Dig. § 900.*]

3. CARRIERS (§ 137½ New, vol. 3, Key-No. Series)—INJURY TO GOODS—TOTAL DESTRUCTION—AWARD OF GOODS TO CARRIER.

Where, in an action against a carrier, there was evidence of the total destruction of the goods sued for, the fact that the court awarded to the carrier title to the goods in their injured condition and rendered judgment for plaintiff for·their value did not necessarily imply a finding that the goods as injured were of any special value.

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Where, in an action against a carrier for injury to goods, error was assigned in that plaintiff was not entitled to recover more than $400, which was the exact amount of the judgment, a proposition under the assignment that in all events the freight charges should have been deducted from the amount awarded was not germane to the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

5. COSTS (§ 234*)—COSTS OF APPEAL—MODI-
FICATION OF JUDGMENT—ASSIGNMENT OF ER-
ROR.

Where reformation of a judgment on ap-
peal was not the result of the sustaining of any
assignment of error, but resulted solely from
a voluntary offer of appellee, all costs of appeal
would be taxed to appellants.

[Ed. Note.—For other cases, see Costs, Cent.
Dig. §§ 892–899; Dec. Dig. § 234.*]

Appeal from District Court, Young Coun-
ty; P. A. Martin, Judge.

Action by W. C. Bell against the Chicago,
Rock Island & Gulf Railway Company and
others. Judgment for plaintiff, and defend-
ants appeal. Reformed and affirmed.

C. W. Johnson, of Graham, and Lassiter,
Harrison & Rowland, of Ft. Worth, for ap-
pellants. Kay & Akin, of Graham, for appel-
lee.

DUNKLIN, J. W. C. Bell entered into a
contract with R. M. Todd to sell to him cer-
tain pool room equipments consisting of bil-
liard and pool tables, cues, and other similar
appliances. By the terms of the contract the
goods were to be delivered to Todd at Gra-
ham, Tex. At the time the contract was
made, the goods were at Brownsville, and
Bell shipped them to Graham for the purpose
of delivering them; the shipment being over
the International & Great Northern Railway
and the Chicago, Rock Island & Gulf Rail-
way. Upon their arrival at Graham, Todd
refused to accept them. They were then ten-
dered to Bell, who likewise declined to ac-
cept them; his objection being based upon
the contention that the goods had been so
damaged in shipment as to be rendered value-
less. Bell then instituted this suit against
the two railway companies to recover the
sum of $1,200, the alleged value of the goods,
alleging that they were so negligently and
carelessly handled by the two railway com-
panies that their value was wholly destroy-
ed. The case was tried without the aid of a
jury, and, from a judgment in favor of the
plaintiff, the defendants have appealed.

The amount of the judgment so rendered
was $400, and by its terms title to the prop-
erty so shipped was vested in the two de-
fendants. The evidence shows without con-
troversy that Todd did refuse to accept the
goods; that they were tendered to Bell, who
likewise refused to accept them. By different
assignments it is insisted that, as the evi-
dence conclusively shows that the goods were
not wholly destroyed, the correct measure of
plaintiff's damage was the difference between
the value of the goods in the condition they
did arrive at their destination and the value
in the condition they would have arrived if
they had been properly handled in transit
from Brownsville to Graham, and that the
court erroneously ignored that rule for meas-
uring plaintiff's damages, and rendered judg-
ment for the full value of the goods.

[1] It is well settled by the authorities
that, where property is not wholly destroyed
by the carrier in shipment, the owner can-
not refuse to accept the goods and charge the
carrier with their full value, but his measure
of damages is the difference between the
value of the goods in their injured condition
and what would have been their value if they
had not been so injured. G., C. & S. F. Ry.
Co. v. Everett, 37 Tex. Civ. App. 167, 83 S.
W. 257, and authorities there cited. The au-
thorities are equally as well settled that, if
the goods are wholly destroyed through the
negligence of the carrier, their full value may
be recovered. The trial judge did not file
findings of fact and conclusions of law. Evi-
dence introduced by the defendants tended
strongly to show that the goods were of very
little value even before they were shipped;
that they were old and out of date and had
been stored for a long time. But, according
to testimony offered by the plaintiff, they
were in good condition immediately prior to
the shipment; that they then were worth
$1,200; and that they were so damaged in
transit from Brownsville to Graham as to be
rendered wholly worthless. According to oth-
er testimony offered, it would, at all events,
require a sum in excess of $400 to repair the
damage done in shipment to the billiard and
pool tables alone.

[2] Every reasonable presumption must be
indulged in favor of the validity of the judg-
ment rendered, and under this rule it must
be presumed that the trial judge found that
the goods would have been worth $400 if
they had been properly handled by the de-
fendants, and that their value was wholly
destroyed through the negligence of the de-
fendants, or that it would require that sum
to repair the damage done to them.

[3] The mere fact that the court awarded
to the defendants title to the goods does not
necessarily imply that he considered them of
any special value, but rather that the court
was of the opinion that the defendants should
be given the benefit of the doubt. According-
ly the assignments presenting the question
now under discussion must be overruled.

[4] By another assignment, it is insisted
that, even if the property had been totally
destroyed, plaintiff was not entitled to re-
cover more than $400, the price for which he
had contracted to sell them to Todd. By
propositions submitted under this assign-
ment, it is insisted that at all events the
freight charges should have been deducted
from the $400 allowed by the court. This
proposition is not germane to the assignment;
the assignment being simply that plaintiff
was not entitled to recover more than $400,
which was the exact amount of the judg-
ment. However, appellee has offered to re-
mit the sum of $24, the amount of the freight
charges for the shipment, and the remittitur
will accordingly be entered.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

All assignments of error are overruled, and the judgment of the trial court is reduced to the principal sum of $376 instead of $400, as rendered, and, as so reformed, it is affirmed.

[5] As this reformation of the judgment is not the result of sustaining any assignment of error, but follows solely from the voluntary offer of appellee, all costs of appeal are taxed against the appellants.

Reformed and affirmed.