## MORRIS v. STANDARD ACC. INS. CO.
### No. 8527.

Court of Civil Appeals of Texas. San Antonio.
Jan. 14, 1931.

Rehearing Denied Feb. 11, 1931.

H. B. Galbraith and B. N. Goodrich, both of Brownsville, for appellant.

Davenport, West & Ransome, of Brownsville, for appellee.

SMITH, J.

The Standard Accident Insurance Company recovered judgment in the trial court against Andrew Ness & Company, R. C. Morris, and others. Morris, only, has appealed.

Appellee executed a surety contract guaranteeing performance of certain building contracts by Andrew Ness & Company, and Morris and others in turn executed a contract indemnifying appellee against Ness & Company's default in performance of the

building contracts. By reason of such default appellee recovered of Morris and his associates upon the indemnity agreement, and, as stated, Morris alone brought this appeal.

██ Appellant's first assignment of error is that: "The Court erred in not setting aside the verdict of the jury and granting a new trial, because the verdict of the jury is contrary to the law and the evidence." We are obliged to sustain appellee's objection to consideration of that assignment because of its generality, as determined by the statutes and rules, and the decisions thereunder. Article 1844, R. S. 1925; rules 24, 25, 26 for Courts of Civil Appeals; 3 Tex. Jur. p. 860; Yoe v. Montgomery, 68 Tex. 338, 4 S. W. 622, 624; Bonner v. Whitcomb, 80 Tex. 178, 15 S. W. 899, 900; Texas & P. Ry. Co. v. Raney, 86 Tex. 367, 25 S. W. 11; Hall Music Co. v. Robertson, 117 Tex. 261, 1 S.W.(2d) 857; Tyler County State Bank v. Shivers (Tex. Civ. App.) 281 S. W. 264. The statute cited provides that "all errors not distinctly specified are waived," and it is provided in rule 26 that: "Assignments of errors which are expressed only in such general terms as that * * * the verdict is contrary to the law * * * and the like * * * will be considered as a waiver of errors, the same as if no assignment of errors had been attempted to be filed." In the Yoe v. Montgomery Case, cited above, the assignment was that: "The verdict of the jury is fatally vague, uncertain, indefinite, and unmeaning, is clearly contrary to law, and is not supported by sufficient evidence in this case to justify and sustain it." In passing upon the sufficiency of that assignment, the Supreme Court, speaking through Chief Justice Willie, said:

"This court has uniformly refused to enter into the investigation of' testimony upon an assignment which goes no further than to state that the verdict is not supported by sufficient evidence. The assignment should state in what respect the evidence does not support the verdict, the particulars in which it is insufficient, and not require the court to examine the whole statement of facts to see if it cannot discover some defect which the party complaining has not thought proper to call to its attention. Randall v. Carlisle, 59 Tex. 70; Railway Co. v. Shafer, 54 Tex. 641; Railway Co. v. McNamara, 59 Tex. 255."

In the cited case of Bonner v. Whitcomb, the Supreme Court, through the former Commission of Appeals, held that an assignment that the verdict was "contrary to the law and the evidence" was insufficient to present reversible error. These decisions have been followed in other Supreme Court cases, and by all the Courts of Civil Appeals in scores of cases, and questioned in none which have come to our notice. We therefore hold that appellant's first assignment of error presents nothing for review, and must be overruled. Appellant has abandoned his second assignment, which is subject to like objections as the first.

██ Appellant's third and fourth assignments of error are predicated upon his bills of exception 1 and 2, which show the exclusion, upon appellee's objection, of certain testimony offered by appellant and one of his other witnesses. But as these bills do not disclose the nature of the objections upon which the trial judge excluded the testimony, they present nothing for review here. So far as the record shows, those objections may have been of such nature as to render them tenable and to warrant the trial judge in sustaining them, as he did. Accordingly, the assignments fall with the bills of exceptions upon which they are predicated, and must be overruled.

 In his fifth and sixth assignments appellant complains of the action of the court in directing the jury to "entirely disregard" certain portions of the argument of appellant's counsel to the jury. It appears that appellant sought to defeat his liability upon the indemnity bond upon the ground that prior to the time he executed said bond he had an oral agreement or understanding with appellee that he would undertake to indemnify appellee against the contractor's default only in the construction of two certain filling stations; that when the bond was presented to him for execution he was so pressed for time that he had no opportunity to read it before signing it, and assumed, without reading it, that in accordance with his agreement with appellee his liability was restricted in the instrument to said two filling stations; whereas, in fact the instrument did not so restrict his liability, which was thereby extended to cover other operations in which the contractor subsequently defaulted. It appears that the instrument was presented to appellant for his signature by some person not otherwise an agent of appellee, and who represented to appellant that the contract did not obligate appellant to indemnify appellee except as against default in the construction of said two filling stations, and that appellant thereupon executed the instrument upon said representations, which were false. Appellant contended upon the trial that, although said person may not have been an agent of appellee, the latter was nevertheless bound by his acts and representations, since it had appropriated the benefits of said contract, so procured from appellant. Now, in his argument to the jury, appellant's counsel assented that the person who presented the contract to appellant for his signature "was an agent of (appellee) as a matter of law, and as such agent would bind (appellee) by making any representation to (appellant) of what the bond really contained." It appears that "at this point coun-

sel for Plaintiff objected on the stated ground that Defendant Morris' counsel was not correctly stating the law of agency and that the argument that whoever took the bond for the company out to Morris's house was, as a matter of law, the agent of the company was not correct as a matter of law nor proper argument." The trial judge sustained this objection and directed the jury to "entirely disregard" said argument, "and receive the law from this court." This action is complained of in appellant's fifth and sixth assignments of error. We do not deem it necessary to decide the question of whether this action was technically erroneous, for, even if erroneous, it does not appear from the record that it was so harmful to appellant as to require reversal. The jury found that appellee had no prior oral agreement with appellant that his liability as a surety was to be limited in the indemnity bond to the two filling stations mentioned. The jury further found that appellee through its agents made no representation of that nature to appellant at the time the latter executed and delivered the bond. In other words, the jury found against appellant upon the vital and controlling issue submitted in the case, and the restriction upon appellant's argument of the law to the jury could not prejudice appellant's case. It may be properly added that the question of whether the person presenting the bond to appellant for his signature was to be regarded as an agent of appellee, was one of law to be applied by the court to the true facts of the case, when ascertained by the jury. Such an issue, however, was not submitted to or resolved by the jury, to whom in no event could properly be submitted the resulting question of law.

The judgment is affirmed.