### SMITH et al. v. TEMPLE LUMBER CO.
### No. 2153.

Court of Civil Appeals of Texas. Beaumont.

Nov. 12, 1931.

L. E. King, of Hemphill, for appellants.

R. E. Minton, of Lufkin, and Minton & Minton, of Hemphill, for appellee.

O'QUINN, J.

Suit by appellants against appellee for partition of 25 acres of land, appellants claiming 24 acres as their interest, and for damages for the value of the timber they alleged appellee had cut and removed from their said interest, with prayer for the appointment of commissioners to partition the land, and for the damages alleged.

By its answer appellee put in issue the title to the whole of the 25 acres of land, denying that appellants had any title, and pleaded not guilty, after specially excepting to the item of damages for the cutting of the timber as being barred by the two-year statutes of limitation. This exception was sustained, and of this action of the court appellants do not complain.

The case was tried to the court without a jury, and judgment entered for appellee. From this judgment appellants have appealed.

Appellants' first assignment of error reads: "The court erred in that the judgment rendered by it in this cause is not responsive to the law governing such causes, and the conclusions of law as based upon the findings of facts is not in keeping with the substantive and adjective law of the State, and the precedents set by the statutes of this State, and cases based on similar facts."

This assignment is in substance and effect but an assertion that the judgment is contrary to the law. This character of assignment has uniformly been held too general for consideration. It fails to point to any specific error. Wilson v. Lucas, 78 Tex. 292, 294, 14 S. W. 690; American Legion of Honor v. Rowell, 78 Tex. 677, 15 S. W. 217; Kruegel v. Berry, 75 Tex. 230, 232, 9 S. W. 863; Bonner v. Whitcomb, 80 Tex. 178, 184, 15 S. W. 899; Ackerman v. Huff, 71 Tex. 317, 319, 9 S. W. 236; Yoe & Harris v. Montgomery, 68 Tex. 338, 341, 4 S. W. 622.

The second assignment is: "The court erred in finding as a conclusion of law that the plaintiffs were not entitled to recover the 24 acres in controversy, for in accordance with the laws of descent and distribution of this State, the title to 101 acres of the lands of J. E. Smith, including the 25 acres in controversy, passed to the plaintiffs Obe Smith and Carrie Smith immediately upon the death of their mother, Laura Smith, in 1889. Immediately upon her death her share of the community estate vested in them, and J. E. Smith was only a guardian or trustee in the eyes of the law."

As we view this assignment, it also complains that the judgment is contrary to the law, and also states an abstract proposition of law relative to the statutes of descent and distribution. It is too general, and cannot be considered. It points to no specific error. See authorities supra.

At the request of appellants, the court filed his findings of fact and conclusions of law. There is no complaint against any of the fact findings. The two assignments above set out complain only that the conclusion of law is contrary to the law. As before stated, these assignments, not pointing to any specific error, are too general for consideration. If errors were committed by the trial court, these assignments do not point them out, and to find them we would have to search the entire record, which neither the law nor the rules require us to do.

We have looked to the record for fundamental error, and, none appearing, the judgment must be affirmed, and it is so ordered.

Affirmed.