## WESTERN ROYALTY CORPORATION v. WHITE et al.

### No. 12676.

Court of Civil Appeals of Texas. Fort Worth.

April 30, 1932.

Rehearing Granted June 11, 1932.

**1098**

Arch Dawson, of Wichita Falls, for appellant.

Raymond M. Myers, of Wichita Falls, for appellees.

DUNKLIN, J.

On July 23, 1926, James H. White and W. C. Duncan purchased an undivided two-thirds interest in an oil and gas lease covering 27 acres of land in Wichita county. At the same time the Petroleum Royalties Corporation acquired the other undivided one-third interest in the same lease. There was an agreement between those joint owners that White and Duncan should have the active superintendence and management of the lease and for their services to be paid a reasonable compensation; that the lease should be developed and operated for production of oil and gas, and, after paying all operating expenses, including the cost of superintendence by White and Duncan, the profits should be divided according to the respective interests to the parties in the lease, that is to say, White and Duncan were to receive two-thirds and the Petroleum Royalties Corporation one-third.

On June 11, 1930, the Petroleum Royalties Corporation conveyed and assigned its one-third interest in the lease to Edward Wilkins, and on June 17, 1930, Wilkins conveyed the same interest to the Western Royalty Corporation. At that time there were oil wells on the lease, and White and Duncan continued to operate the same, and thereafter paid over to the Western Royalty Corporation one-third of the proceeds of oil acquired from the lease up to and including the month of February, 1931.

White and Duncan then instituted this suit against the Western Royalty Corporation to recover one-third of certain operating expenses which it was alleged the defendant was obligated to defray. And plaintiffs claim that defendant's liability for the amount sued for arose by reason of the following allegations in their petition:

"That at the time the defendant purchased the one-third interest herein described he knew that said lease was a producing oil and gas lease, that it would be necessary to maintain, operate and develop said lease and to pay the expenses thereof and that plaintiffs were actively managing and superintending said lease and that its obligation was to contribute its pro rata part of the operating expense including a reasonable charge for superintendence and management of said lease and in acquiring the interest formerly owned by the Petroleum Royalties Corporation and in allowing its continued operation by plaintiffs it assumed the obligation of the Petroleum Royalties Corporation to pay its proportional part, being an undivided one-third, of the reasonable expenses of operating and developing said lease.

"That the defendant regularly received its one-third of the revenue from the oil and gas from said lease after the payment of the usual one-eighth royalty. Defendant acquiesced in the operating and developing of said lease and the sending of the sums hereinafter set out by plaintiffs with knowledge that the operation of said lease was continuing.

"Defendant on February 25, 1931, in writing acknowledged to plaintiff its obligation to pay its part of said expenses and therein duly acknowledged that plaintiffs were entitled to collect from it one-third of the drilling expenses of said lease in these words:

" 'We fully recognize our responsibility and the fact that you are entitled to collect from us one-third of the drilling expenses of this lease.'

"The plaintiffs promptly each month rendered to this defendant statements showing the operations on said lease and the cost thereof.

"The said expenses all incurred after the defendant purchased said interest in said lease and in the usual course of developing the same totaled each month the following:

| | | |
|---|---|---|
| June | 1930 | $417.19 |
| July | 1930 | 356.29 |
| August | 1930 | 273.90 |
| September | 1930 | 268.67 |
| October | 1930 | 284.75 |
| November | 1930 | 192.90 |
| December | 1930 | 194.36 |
| January | 1931 | 288.24 |
| February | 1931 | 181.35 |

—a more detailed statement of which properly itemized is attached hereto, marked exhibit 'A' and made a part hereof."

Exhibit A attached to the petition shows that some of the items appearing in the foregoing account for different months were made up of items of expense incurred prior to June 17, 1930, when the defendant acquired its interest in the lease; some of those items were incurred in April, some in May, and some in June prior to the assignment

by Wilkins to the defendant of its one-third interest.

The case was tried before the court without a jury, and judgment was rendered for one-third of the items listed in the account shown above, which included one-third of the items of expense incurred prior to defendant's purchase from Wilkins, as shown by the exhibit attached to the petition. From that judgment the defendant has prosecuted this appeal.

It was not alleged in plaintiffs' petition, nor did the evidence show, that the defendant expressly assumed the payment of any part of the operating expenses incurred prior to its purchase from Wilkins, but the evidence shows without controversy that the defendant recognized its liability to the plaintiffs for one-third of all the expenses incurred in operating the lease after it acquired its one-third interest therein from Wilkins.

Complaint is made by appellant that the judgment was erroneous to the extent of its inclusion of one-third of the operating expenses incurred prior thereto, and we have reached the conclusion that the judgment is erroneous to that extent.

By other assignments a further complaint is made that certain operating expenses charged by plaintiffs were unreasonable, but those assignments are overruled because the testimony introduced was sufficient to support the court's findings to the contrary.

■ Although testimony of one of the plaintiffs to the agreement of the Petroleum Royalties Corporation to pay one-third of the operating expenses while it was the owner of one-third of the lease was inadmissible against the defendant in the absence of proof that it expressly or impliedly assented to the same obligation on its part, yet the error in admitting it was harmless, since that obligation was admitted by the defendant in its letters to plaintiffs after it became interested in the lease; the trial being before the court without a jury.

In their briefs, counsel for appellees have requested that, in the event of a finding by this court that the judgment is excessive, permission be given them to file a remittitur in a sufficient amount to cover such excess, and that the judgment be affirmed for the balance. A calculation has been made which it is claimed definitely shows the amount of such excess with the request that the same be accepted as such excess in the event of the finding that the judgment is excessive. However, by reason of the fact that some of the items of expense appear to cover periods both before and after the defendant acquired its interest in the lease, and we have no definite basis for a correct apportionment of those items, we cannot grant the request for the remittitur. If counsel for both parties can agree on the amount of the remittitur

to be so entered, the judgment will then be reformed so as to eliminate the excess, and, as reformed, will be affirmed; such remittitur to be filed within 15 days from the date of this judgment.

If such remittitur is not filed within the period of time, stated, the judgment will be reversed, and the cause remanded.

On Motion for Rehearing.

The appellees have filed a motion for rehearing in which they have offered to remit $175.28 of the judgment recovered by them in the trial court against appellant, and now pray that the judgment of the trial court be affirmed for the balance remaining after deducting therefrom the remittitur so offered.

As stated in our opinion on original hearing, it appeared from the itemized account attached to plaintiffs' petition that some of those items accrued prior to June 17, 1930, the date the appellant acquired a one-third interest in the lease and the oil runs therefrom, and, since there was no definite basis for an elimination from the judgment the exact amount of the items incurred before appellant purchased its one-third interest, the judgment would have to be reversed and the cause remanded; unless parties could agree upon the amount of such excess and file such agreement within fifteen days from the date of our ruling.

In their motion, appellees now say that it has been impossible to get an agreement from appellant's counsel as to the amount of such excess, but they present to us a statement of items which they are willing to exclude from the account sued on, aggregating $525.56; one-third of which, to wit, $175.28, they are willing to remit. The items which they offer to exclude from their original account include the sum of $417.19, the aggregate of all items included in the account for the month of June, 1930; also certain other items in the account for other months which appear to have accrued prior to June 17, 1930, aggregating $108.37, which, added to the total for June, amounts to $525.56.

It is insisted that the amount to be so excluded from the account upon which the suit was instituted covers every possible expense that accrued prior to appellant's purchase. And it is insisted that we carefully examine the record to verify the estimates so made, with the further offer to remit to cover any other items that are not included in their present offer.

■ Appellant has filed no reply to the motion; in the absence of which we are authorized to accept the appellees' statement of the facts shown in the record as correct, under rule 31 for the Courts of Civil Appeals. Furthermore, after a careful inspection of the record, we have reached the conclusion that the remittitur tendered by the appellees is

sufficient to cover every possible item of expense incurred before appellant purchased its one-third interest.

Accordingly, the remittitur will be approved as sufficient to eliminate from the recovery awarded all possible items of expense shown in the account sued on for which appellant was not liable, and the judgment of the trial court in favor of the appellees will be so reformed as to reduce the recovery in the amount of such tender; and, as thus reformed, the judgment will be affirmed.

▮▮▮ Appellant had the right to complain of the excessive recovery in the respects pointed out, without the necessity of calling the trial court's attention thereto by motion for a new trial, since it cannot be presumed that the judge who tried the case without a jury would have changed his ruling on that point if a motion for new trial had been filed raising that question. 3 Tex. Jurisprudence, p. 259. Nor have appellees challenged its right so to do. Hence all costs of appeal will be taxed against the appellees; their contention that, by reason of appellant's failure to raise the claim of excessiveness by motion for new trial, the cost of appeal should be taxed against it, being overruled. In this connection it is to be noted that the findings of the trial court showed that the judgment rendered was for the exact amount and for the same items shown in the account made the basis of plaintiffs' suit; and it was equally plaintiffs' duty to see to it that the judgment did not include items which the account showed on its face not to be properly chargeable to the defendant.