## SECURITY BEN. ASS'N v. TUCKER.

### No. 1856.

Court of Civil Appeals of Texas. Waco.

July 8, 1937.

Rehearing Denied Sept. 23, 1937.

Street & Street and W. L. Eason, all of Waco, and A. W. Fulton of Chicago, Ill., for appellant.

Frank M. Wilson, of Waco, for appellee.

ALEXANDER, Justice.

Mrs. Tucker brought this suit against the Security Benefit Association and alleged in substance that in 1900 she became a member of the National Council of the Knights and Ladies of Security, and in consideration of the payment of $2.35 per month during her lifetime she was issued a life insurance certificate in the sum of $2,000, payable upon her death; that in 1919, the Security Benefit Association took over the contracts and assumed the liabilities of the National Council of the Knights and Ladies of Security; that she paid all of the premiums and assessments as provided for in said contract until April, 1935; that the Security Benefit Association, for the purpose of inducing her to accept a more burdensome contract and wholly without authority on its part, raised the rates and premiums to be paid by the plaintiff, and that by reason thereof it breached said contract. She brought this suit to recover the premiums theretofore paid by her on the contract, together with statutory interest thereon. Judgment by default was entered for the plaintiff, and the defendant has appealed.

■ Appellant, in its motion for new trial filed in the lower court, alleged that its failure to file an answer within the time required by law was due to the inadvertence of its counsel and without any negligence on its part and it here contends that the trial court erred in failing to set aside the judgment by default and to grant a new trial. The order overruling the motion for new trial recites that evidence was heard but this evidence does not appear to have been brought forward in the statement of facts. For this reason, we cannot say whether or not the trial court abused its discretion in refusing to set aside the default judgment. 25 Tex.Jur. 578; 31 Tex.Jur. 164.

■ Appellant challenges the sufficiency of the pleadings to support a judgment for the amount rendered. The petition does not allege definitely the amounts nor the dates of the various premium payments, but it does allege, in a general way, that under the contract plaintiff was required to pay a premium of $2.35 per month and that she fully complied with the terms of the contract from its inception in 1900, to its breach in April, 1935. Giving the petition the benefit of all reasonable presumptions, as we are required to do where there are no special exceptions, and assuming that it sufficiently alleged that plaintiff paid regularly as it accrued each of the various monthly premiums of $2.35 from February, 1900, to April, 1935, and that it is otherwise sufficient to authorize plaintiff to recover all premiums paid with interest, we are nevertheless of the opinion that it is insufficient to support the judgment here rendered. If the plaintiff paid premiums at the rate of $2.35 per month from February, 1900, to April, 1935, she paid a total sum of $991.70. Simple interest at the statutory rate of 6 per cent. from the date of these various payments to September 3, 1935, when judgment was rendered, would amount to the sum of $1,078.47, making a total of $2,070.17. The trial court rendered judgment for $2,715.35. Later, however, the plaintiff entered a remittitur of $306.47, leaving a balance of $2,408.88. It is apparent therefore that the judgment as it now stands is in excess of the most liberal amount that could be justified under the pleadings.

For these reasons, the judgment of the trial court is reversed, and the cause is remanded for a new trial.

## On Appellee's Motion for Rehearing.

■ Since we announced our original opinion reversing the judgment in the above cause, appellee has filed herein a remittitur in the sum of $408.88, thereby reducing her judgment to the sum of $2,000, and she now asks that we affirm the judgment of the trial court. The remittitur brings the amount of the recovery within the amount properly alleged in the petition, and therefore the error for which we previously reversed the judgment of the trial court has been cured.

■ Since the defendant defaulted in the lower court, it thereby admitted the truth of all the facts properly alleged in the petition, except the amount of damages. 25 Tex.Jur 403, 406. The petition is sufficient to authorize the amount recovered, less the remittitur, and there is no assignment of error nor proposition properly challenging a sufficiency of the evidence to support the amount of the recovery. Appellant, in a reply to appellee's motion for rehearing, contends that its second assignment of error is sufficient for this purpose. This assignment is as follows: "This Honorable Court erred in entering judgment herein against this de-

fendant in the sum of $2715.35." It has been held many times that assignments of error couched in such general terms are insufficient to raise the question of the sufficiency of the evidence to support the amount of the recovery. Court of Civil Appeals Rules Nos. 24, 25, and 26; 3 Tex.Jur. 860; Yoe v. Montgomery, 68 Tex. 338, 4 S.W. 622; Morris v. Standard Accident Ins. Co., Tex.Civ.App., 35 S.W.2d 207, par. 1; Bonner v. Whitcomb, 80 Tex. 178, 15 S.W. 899.

The judgment of reversal heretofore rendered by this court is set aside. Appellee's motion for rehearing is granted and judgment of the trial court, less the amount of the remittitur, is affirmed. Since appellee was forced to grant a remittitur in order to secure an affirmance in this court, she will be required to pay the costs of this appeal.