## STONE et al. v. LUZIER'S, Inc., et al.
## No. 5215.

Court of Civil Appeals of Texas. Amarillo.
Dec. 9, 1940.

For former opinion, see 144 S.W.2d 658.

T. L. Price and Joe S. Moss, both of Post, for appellants.

Robert J. Allen, of Lubbock, for Leona Roffey.

Wilson, Randal & Kilpatrick, of Lubbock, for Luzier's, Inc.

STOKES, Justice.

This case is before us upon the motion of appellee, Leona Roffey, to retax the costs incurred in this appeal. Appellant filed the suit in the district court of Garza County against Luzier's, Inc., a Missouri corporation, and Leona Roffey. Luzier's, Inc., filed its answer and appellee, Leona Roffey, filed a plea of privilege in which she alleged that she was a resident of Lubbock County and prayed that the cause be transferred as provided by law to the district court of that county. Appellant filed a controverting affidavit but she did not prosecute the same and the plea of privilege was sustained by the district court of Garza County and an order entered transferring the entire cause as prayed for. Appellant perfected an appeal from the order and presented the case in this court upon two propositions, one of which was that the court erred in transferring the cause of action against Luzier's, Inc., since the corporation had filed an answer in the case and had not joined in the plea of privilege. This contention of appellant was sustained by us, and the judgment of the court below, in so far as it ordered a change of venue in respect to Luzier's, Inc., was reversed. The costs of the appeal were taxed against appellee, Leona Roffey, and she now insists that we erred in taxing her with the costs. Her contention is that, inasmuch as appellant did not contend in the trial court that the cause of action as against Luzier's, Inc., should not be transferred to Lubbock County merely upon the plea of privilege of Leona Roffey, and that the action of the court below in changing the venue as

to her was affirmed, the costs of the appeal should be assessed against appellant.

The order of the court below changing the venue of the case provides that the plea of privilege of appellee, Leona Roffey, be granted and that the cause "in its entirety as to both defendants be and is hereby transferred to the district court of Lubbock County."

When the case was presented in this court upon the appeal from the order changing the venue, appellee, Leona Roffey, filed a brief in which she insisted that the action of the court below was in all respects correct and proper and she vigorously contested the contention of appellant that the trial court erred in transferring the entire case to the district court of Lubbock County. Thus it will be seen that she insisted from the beginning, not only in the trial court but in this court, that, under her plea of privilege, the entire case, including the cause of action against Luzier's, Inc., should be transferred to the district court of Lubbock County. The court below sustained her contention and the appeal was made necessary because of her prayer and insistence that the venue of the entire case be changed. The hearing was before the court without a jury and appellant was not required to file a motion for a new trial. Under these conditions appellant had the right to appeal from the order without the necessity of calling the trial court's attention to the error. Furthermore, we are not warranted in the presumption that the trial judge would have changed his ruling on the point even if a motion for a new trial had been filed and the matter called to his attention. The order transferring the case is very positive in its terms and refers specifically to the cause of action in its entirety as to both of the defendants. The judgment of the court below was in accordance with the prayer of appellee and it was equally her duty to see to it that the order transferring the cause of action did not transcend the provisions of the law or grant relief against appellant, and materially affecting the rights of Luzier's, Inc., under a motion and plea to which it was not a party. Western Royalty Corp. v. White, Tex.Civ.App., 51 S.W.2d 1097; Chicago, R. I. & G. Ry. Co. v. Bell, Tex.Civ.App., 168 S.W. 396; Security Benefit Ass'n v. Tucker, Tex.Civ.App., 111 S.W.2d 333.

Since the venue of the entire cause of action was transferred upon the motion and prayer of Leona Roffey, and the record does not warrant us in assuming the court below would have changed his ruling even if it had been called to his attention, and the costs of the appeal were incurred by reason of her plea and insistence throughout that the entire cause of action be transferred, the costs of the appeal were properly taxed against her and the motion will, therefore, be overruled.